**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDWIN VERNON LOCKETT,
            *Plaintiff-Appellant,*

            v.

KEITH ERICSON; CITY OF MOUNT
SHASTA POLICE DEPARTMENT;
ROBERT D. GIBSON; CHRIS LYNCH;
DAVE MICKELSON,
            *Defendants-Appellees.*

No. 09-16609

D.C. No.
2:07-cv-00301-
GEB-CMK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued November 5, 2010
Submitted August 25, 2011
San Francisco, California

Filed August 31, 2011

Before: John T. Noonan, Richard A. Paez, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Paez

16563

## COUNSEL

Tania Beth Rose, San Francisco, California, for plaintiff-appellant Edwin Lockett.

William Ayres, Redding, California, for defendants-appellees City of Mt. Shasta Police Department, Robert Gibson, and Chris Lynch.

Kamala Harris, Attorney General of California, Alberto Gonzalez, Supervising Deputy Attorney General, Sacramento, California, for defendant-appellee Keith Ericson.

## OPINION

PAEZ, Circuit Judge:

In 2005, officers entered Plaintiff-Appellant Edwin Lockett's ("Lockett") home without a warrant and obtained evidence that he had driven under the influence of alcohol earlier in the night. The ensuing state prosecution concluded when Lockett pled nolo contendere to a violation of California Vehicle Code section 23103.5(a). Believing the officers violated his Fourth Amendment rights when they entered his home in 2005, Lockett filed a federal complaint against the officers and the Mount Shasta Police Department pursuant to 42 U.S.C. § 1983. The district court dismissed Lockett's § 1983 complaint, concluding that the case was barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), and that the district

court therefore lacked subject matter jurisdiction. Lockett appealed the dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and, for the reasons set forth below, we reverse the district court's dismissal and remand for further proceedings consistent with this opinion.

## Factual and Procedural Background

On February 16, 2005, Lockett attempted to drive home after his birthday party. Lockett did not quite make it: his car slid off the road close to his house and he was unable to get it back on the road. A woman saw Lockett trying to move his car and she asked if he needed help. Lockett declined the woman's help and told her he was alright. Lockett then left his car and walked the remaining short distance to his house.

The Yreka California Highway Patrol ("CHP") received a call reporting that a car was off the road; the caller said that she had spoken to the driver, that she thought he was drunk, and that he told her that he was not hurt and did not need assistance. When the witness was interviewed again later, she clarified that when she saw the car it was already off the side of the road. CHP Officers Keith Ericson and S.J. Dickson, and Mt. Shasta Police Officers Robert Gibson and Chris Lynch went to the site where Lockett had left his car. These officers found that the car was locked but the right front window was down and there were several valuable items visible inside. The Mt. Shasta Police Department Dispatch told the officers that the car's registered address was a residence approximately one block from where the car was left. Officers Ericson, Lynch, and Gibson ("Officers") proceeded to the registered address.

At the residence, the Officers found the front door ajar by approximately two inches, and a glass storm door that was closed but unlocked. The Officers recall that they knocked on the storm door for five minutes, identified themselves, and called out for a response. No one inside the residence

responded, but the Officers heard several coughs and saw moving shadows inside. Officer Ericson called CHP Dispatch and requested assistance from Sergeant Mickelson, who arrived at the residence a short time later.

After discussing the circumstances, Officers Ericson and Mickelson decided to enter the residence: they continued to announce themselves and requested a response from the occupant as they entered. Officer Mickelson found Lockett in bed and began to question him. Lockett said that he did not require medical attention and that he did not answer the door because he was asleep. Officer Ericson said that Lockett could not have been asleep for very long because he had just crashed his car nearby; Lockett responded "I didn't crash, I just got stuck." The Officers asked Lockett to remove the blankets covering him, which revealed that he was fully dressed and also revealed a strong smell of alcohol. The Officers further observed that Lockett's eyes were red and watery. Officer Ericson asked Lockett if he owned the car at issue and he said yes. Officer Ericson also asked whether Lockett had drunk any alcohol since returning home and he responded no. Officer Ericson then requested that Lockett perform field sobriety tests, which Lockett did not successfully complete. At this time, Officer Ericson arrested Lockett for driving while under the influence of alcohol and took him to the Mt. Shasta Area CHP office where he underwent a breathalyser test. The result of the breathalyser was .17/.17.

The county prosecutor filed a misdemeanor complaint against Lockett on March 9, 2005, alleging one count of driving under the influence of alcohol or drugs in violation of California Vehicle Code section 23152(a), and one count of driving at .08 (or above) blood alcohol level in violation of California Vehicle Code section 23152(b). In the ensuing state court proceeding, Lockett filed a motion to suppress under California Penal Code section 1538.5, arguing that the evidence supporting the State's case against him was seized

without a warrant in violation of his Fourth Amendment rights.

The trial court denied the motion to suppress, finding that the Officers were "reasonable in [their] suspicion of exigent circumstances regarding the well being of [Lockett]" and acted "properly in [their] role as a community caretaker in entering [Lockett's] residence to determine the need for assistance." The court further found that "[o]nce inside the residence . . . the officer[s] made plain sight observations which gave rise to probable cause to arrest [Lockett] for driving under the influence."

After the trial court denied the motion to suppress as noted above, Lockett entered a plea of nolo contendere to the lesser violation of California Vehicle Code section 23103.5(a), commonly known as a "wet reckless." Lockett waived his right to appeal any section 1538.5 suppression issues, his sentence was suspended, and he was placed on probation for three years. The Superior Court entered the Order of Informal Probation against Lockett on June 23, 2008.

Lockett filed this 42 U.S.C. § 1983 complaint on February 15, 2007. The court granted Lockett's request to stay the proceedings pending the resolution of his related state prosecution. The court lifted the stay on August 26, 2008, in response to Lockett's report that the state prosecution against him had concluded upon his nolo contendere plea. At a case management conference on October 22, 2008, the district court directed the parties to brief the issue of whether Lockett's claim was barred under *Heck v. Humphrey,* 512 U.S. 477 (1994).

On May 11, 2009, the assigned Magistrate Judge filed his findings and recommendations. The Magistrate Judge concluded that the *Heck* bar applied to Lockett's civil rights claim and that the district court therefore lacked subject matter jurisdiction. The Magistrate Judge explained that Lockett

argued in his motion to suppress that there were no exigent circumstances justifying the warrantless entry into his home. More to the point, [Lockett] argues that there was no valid reason whatsoever to enter the house. The facts outlined in [Lockett's] § 1983 complaint do not indicate that the warrantless search could even arguably have nonetheless been proper due to some independent source or because of inevitable discovery. Further, because there was no trial and [Lockett] waived his right to appeal the conviction, the issue of harmless error could never arise.

The Magistrate Judge also rejected Lockett's argument that his claim fell within an exception to the *Heck* bar discussed in footnote 7 of that opinion: "[b]ecause the search could not have been otherwise rendered valid (due to, for example, an independent source, inevitable discovery, or harmless error), success on the § 1983 claim could have no other effect than to render the search and subsequent conviction invalid." Accordingly, the Magistrate Judge recommended that Lockett's claim be dismissed.

The district court adopted in full the Magistrate Judge's findings and recommendations, and it dismissed the case on June 29, 2009. Lockett now appeals the district court's dismissal. After oral argument, we vacated submission of this case and ordered supplemental briefing from the parties.

We review de novo a district court order dismissing a case for lack of subject matter jurisdiction. *Snow-Erlin v. United States*, 470 F.3d 804, 807 (9th Cir. 2006).

### *Discussion*

## I. The *Heck* Bar

**[1]** Lockett argues that the district court dismissed his § 1983 claim based upon an incorrect application of the

Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477 (1994). We agree. In *Heck*, the Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted). The Court explained that a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The Court clarified, however, that if a "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (footnotes omitted).

**[2]** In *Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001), we reviewed a district court's application of the Supreme Court's *Heck* bar. We affirmed the district court's dismissal of the plaintiffs' § 1983 claim. *Id.* at 820. We did so, however, only because the plaintiffs had failed to allege a constitutional violation—we held that the district court's dismissal of the claim pursuant to *Heck* was in error. *Id.* at 823. In *Ove*, the § 1983 claims arose "from blood tests taken after [the three] plaintiffs' arrests for suspicion of driving under the influence of alcohol." *Id.* at 820. In the subsequent criminal proceedings, the three *Ove* plaintiffs filed suppression motions under California Penal Code section 1538.5. *Id.* One plaintiff's

motion was granted and the case was dismissed; the second plaintiff's motion was never ruled on and he pled nolo contendere to a violation of California Vehicle Code section 23152(a); the third plaintiff's motion was denied and he pled guilty to a violation of California Vehicle Code section 23152(a). *Id.* The convictions of the latter two plaintiffs were not "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Applying the principles the Supreme Court set forth in *Heck* and its progeny, however, we held that *Heck* did not bar the convicted plaintiffs' § 1983 claims. We explained that the plaintiffs'

> lawsuit concerns the way in which their blood was drawn. But blood evidence was not introduced against them. *No* evidence was introduced against them. They pleaded guilty or nolo contendere, respectively. *Their convictions derive from their pleas, not from verdicts obtained with supposedly illegal evidence.* The validity of their convictions does not in any way depend upon the legality of the blood draws.

*Ove*, 264 F.3d at 823 (footnote omitted) (emphasis in original).

**[3]** Our holding in *Ove* is dispositive in Lockett's case. Lockett pled nolo contendere after the superior court denied his California Penal Code section 1538.5 suppression motion. He was not tried, and no evidence was introduced against him. Therefore, like the convicted plaintiffs in *Ove*, Lockett's conviction "derive[s] from [his] plea[ ], not from [a] verdict[ ] obtained with supposedly illegal evidence." *Id.* "The validity of" Lockett's conviction "does not in any way depend upon the legality" of the search of his home. *Id.* We therefore hold that *Heck* does not bar Lockett's § 1983 claim.

## II. Plea Agreement Waiver

**[4]** Defendants argue that even if *Heck* does not bar Lockett's law suit, the case is barred because, in his plea agreement, Lockett waived his right to appeal any California Penal Code section 1538.5 suppression issues. The superior court clerk's minutes reflect Lockett's appellate waiver in two places. One handwritten note reads: "Def waives his right to appeal any 1538.5 issues." Another handwritten note reads: "Def waives any appeal rights in regards to 1538.5 issues."

**[5]** "[P]lea agreements are contractual in nature, and, as is typical in contract cases, if the terms are clear and unambiguous, we will not look further." *United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010) (footnote omitted). The terms of Lockett's plea agreement appear clear and unambiguous: he "waive[d] any *appeal* rights in regards to 1538.5 issues." (emphasis added). The term "appeal rights" in a criminal plea agreement does not encompass "civil litigation rights." Moreover, "we steadfastly apply the rule that any lack of clarity in a plea agreement should be construed against the government as drafter." *United States v. Cope*, 527 F.3d 944, 951 (9th Cir. 2008) (internal quotation marks omitted). Thus, even if the terms of Lockett's appellate waiver were ambiguous, we would construe that ambiguity against the government and conclude that the waiver in the plea agreement does not affect Lockett's ability to pursue this separate civil law suit.

## III. Collateral Estoppel

**[6]** Defendants also argue that collateral estoppel requires dismissal of Lockett's case because the superior court already rejected the same Fourth Amendment claim Lockett asserts here. "State law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action." *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850

(9th Cir. 1986)). In *Leader v. State*, 226 Cal. Rptr. 207, 209 (Cal. Ct. App. 1986), the court explained that prior "convictions can be used for purposes of collateral estoppel in [a] subsequent civil action." *Leader* recognized the basic requirements for collateral estoppel: the doctrine prohibits relitigation of an issue decided at a previous trial if (1) "the issue necessarily decided at a previous trial is identical to the one which is sought to be relitigated; if (2) the previous trial resulted in a final judgment on the merits; and if (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial." *Id.* (internal quotation marks omitted).

**[7]** In addition to these basic principles, *Leader* explained that California law contains an important nuance with respect to using misdemeanor convictions for collateral estoppel in subsequent civil trials. "When the crime is of the nature of a traffic offense, the accused may plead guilty merely because the defense is more trouble than the resulting penalty, and thus such a conviction would not allow for application of the doctrine." *Id.* at 212. Indeed, the California Vehicle Code compels this result. Section 40834, titled "Effect of conviction," states that "[a] judgment of conviction for any violation of this code . . . shall not be res judicata or constitute a collateral estoppel of any issue determined therein in any subsequent civil action." Cal. Veh. Code § 40834; *see also Leader*, 226 Cal. Rptr. at 212 n.2.

**[8]** Here, Lockett pled nolo contendere to a violation of California Vehicle Code section 23103.5(a). As a result, the plain language of section 40834 disallows "*any issue* determined" in Lockett's wet reckless conviction to "constitute a collateral estoppel" in this "subsequent civil action." Cal. Veh. Code § 40834 (emphasis added). Defendants argue that section 40834 does not apply in this case. They contend that "the statute has no effect here because the issue preclusion flows not from the judgment of conviction *per se* but rather from the earlier suppression ruling . . . and/or the waiver of

the right to appeal." Defendants rely on the beginning of section 40834—"[a] judgment of conviction"—and wholly ignore the end of the statute—"any issue determined therein." We are not persuaded by Defendants' truncated reading of the statute. The all-inclusive "any issue determined therein" clause plainly applies to the superior court's suppression ruling in the criminal proceeding against Lockett. Thus, we conclude that there is no collateral estoppel bar to Lockett's Fourth Amendment claim in this civil action.

## *Conclusion*

For the foregoing reasons, we hold that neither the *Heck* bar, nor Lockett's Cal. Penal Code section 1538.5 appellate waiver, nor collateral estoppel operates to bar Lockett's § 1983 Fourth Amendment claim.

**REVERSED; REMANDED.**