**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN COBB, | No. 12-57073 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02070-JAH-WMC |
| v. | |
| ALAN DYEMARTIN; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

John Cobb appeals pro se from the district court's judgment dismissing for

failure to state a claim his 42 U.S.C. § 1983 action alleging various California state

law and federal claims arising from a traffic stop.  We have jurisdiction under 28

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument, and denies Cobb's request for oral argument, set forth in his opening brief. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and for an abuse of discretion the denial of leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). We affirm in part, vacate in part, and remand.

The district court properly dismissed Cobb's claims against defendants Lansdowne, Hansen, Goldsmith, the City of San Diego, the San Diego Police Department, the San Diego County District Attorney, and the San Diego County Sheriff's Department because Cobb failed to allege facts demonstrating that they participated in, directed, or knowingly failed to prevent the alleged violations at issue. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983."); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (a liberal interpretation of a pro se complaint may not supply essential elements of a claim that were not pled). Moreover, dismissal of these claims without leave to amend was not an abuse of discretion because amendment would have been futile. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

The district court properly dismissed Cobb's federal and state law claims for retaliation, suppression of free speech, conspiracy, denial of equal protection, discrimination, and violations of 42 U.S.C. §§ 1985(3) and 1986 against

defendants Dyemartin and Cummings because Cobb failed to allege sufficient facts to support one or more elements of these claims. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (a party's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences need not be accepted as true); *see also, e.g.*, *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (elements of equal protection); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (elements of § 1983 conspiracy); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (elements of § 1985(3) claim).

However, the district court should not have dismissed Cobb's Fourth Amendment claim against defendants Dyemartin and Cummings because, despite the traffic court Commissioner's finding of probable cause, Cobb stated facts sufficient to allege that they subjected him to an unreasonable stop, search, and arrest. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002) (the Fourth Amendment's prohibition against unreasonable searches and seizures applies to brief investigatory traffic stops); *see also Lockett v. Ericson*, 656 F.3d 892, 897-98 (9th Cir. 2011) (under California law, traffic court proceedings are not given preclusive effect in subsequent civil actions). Moreover, Cobb should be allowed

leave to amend his state law claims related to the unreasonableness of the traffic stop and search. *Lopez*, 203 F.3d at 1130 (pro se litigant should be given leave to amend if it appears at all possible that he or she can cure the deficiencies at issue).

Accordingly, we vacate the dismissal of Cobb's Fourth Amendment claim against defendants Dyemartin and Cummings only, and remand for further proceedings. We also vacate the district court's dismissal of Cobb's state law claims against these defendants as related to the alleged unreasonableness of the traffic stop, search, and arrest at issue, and remand to allow the court to give Cobb at least one opportunity to amend such claims.

**AFFIRMED in part, VACATED in part, and REMANDED.**