In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-2115

RODNEY ROLLINS,

*Plaintiff-Appellant,*

*v.*

JOSEPH WILLETT, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 13 C 7211 — **James B. Zagel**, *Judge.*

SUBMITTED SEPTEMBER 22, 2014 — DECIDED OCTOBER 21, 2014

Before CUDAHY, POSNER, and KANNE, *Circuit Judges.*

POSNER, *Circuit Judge.* This is an appeal from a judgment
in favor of police officers, the chief of police, and the mayor
of the Village of Glenwood, Illinois. They are the defendants
in a suit brought by Rodney Rollins under 42 U.S.C. § 1983
charging an unlawful seizure. Rollins had driven into the
parking lot of an Aldi's grocery store and gotten out of his
car when a police officer emerged from a police car that had
pulled up behind him and ordered him to get back into his

car and show the officer his driver's license, registration, and proof of insurance. He refused to cooperate with the officer, as well as with two other officers who later arrived at the scene, was arrested, and two months later pleaded guilty to driving on a suspended or revoked license. He then brought this suit, charging that the police had no basis for ordering him back into his car, and that their doing so constituted an unreasonable seizure of him. The district court dismissed the suit on the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that a section 1983 suit can't be brought if a judgment in favor of the plaintiff would imply that his conviction in a prior proceeding had been invalid. Or as explained in a later Supreme Court decision, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments. Congress … has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (citations and internal quotation marks omitted). So suppose a defendant convicted of possessing illegal drugs found on his person sued the officer who had found the drugs, alleging that the officer planted them. If he won the suit, it would imply the invalidity of his drug conviction. The suit would therefore be barred by the rule of *Heck v. Humphrey*. See, e.g., *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003).

This case is different. Rollins pleaded guilty. There isn't any doubt that he *was* guilty—that he'd been driving on a suspended or revoked license. If he can prove that the action of the police in forcing him to get back in his car and show them his driving papers was unconstitutional, that cannot

change the fact that he was driving without a valid license. Illegal searches and seizures frequently turn up irrefutable evidence of guilt. The evidence can be suppressed if the government attempts to present it at trial, but there was no trial. A finding that the defendant was illegally seized—the finding he seeks in this suit—would therefore have no relevance to the validity of his guilty plea and ensuing conviction.

The case is like *Reynolds v. Jamison*, 488 F.3d 756 (7th Cir. 2007). The plaintiff had pleaded guilty to telephone harassment and then brought a false-arrest claim. Whether the arresting officer had probable cause to arrest the plaintiff had no bearing on the validity of the guilty plea and conviction, and so *Heck* was irrelevant. *Id*. at 767. *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011), is similar. The plaintiff had pleaded nolo contendere to charges that he was driving under the influence and then sued the police for having searched his home without probable cause and in the course of the search having obtained evidence concerning the DUI charge. The court held that whether the search had been unlawful could not affect the plaintiff's conviction because the conviction had not been based on any evidence introduced against him, so again *Heck* was inapplicable. *Id.* at 896–97. And in this case as well.

The district judge did say that the "plaintiff should also understand that his remaining claims fail, even if they are not *Heck*-barred," such as his claim that the police had unlawfully demanded that he show them his driver's license and when he refused ordered him out of the car and subjected him to a full custodial search and arrest. But the judge ignored the fact that there was no evidence that the police had seized the plaintiff lawfully by ordering him

back into his car—the action that precipitated his arrest, thus extending the seizure.

The case must be remanded for reconsideration of the plaintiff's Fourth Amendment claim, unclouded by *Heck*.

REVERSED AND REMANDED.