NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 19, 2019[*]
Decided August 20, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-1446

| | |
|---|---|
| CHARLES BROWN,<br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-CV-525 |
| RACINE COUNTY and KEVIN J. KAZMIERSKI,<br> *Defendants-Appellees*. | David E. Jones,<br> *Magistrate Judge*. |

**O R D E R**

A deputy sheriff stopped Charles Brown's car and later searched his groin area on the side of a highway, finding heroin. After pleading guilty in Wisconsin state court to possession with intent to deliver heroin, Brown sued the deputy and Racine County under 42 U.S.C. § 1983, contending that the stop and search violated the Fourth Amendment. The magistrate judge, sitting by consent of the parties, entered summary judgment against Brown. The judge reasoned that under *Heck v. Humphrey*, 512 U.S. 477

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

(1994), he must "assume" that the stop was valid, which rendered the search lawful as incident to an arrest. Because the judge's analysis of *Heck* was incorrect, we vacate and remand for proceedings to assess the validity of the stop.

We recount the facts about the car stop in the light most favorable to Brown. *See Matz v. Klotka*, 769 F.3d 517, 520 (7th Cir. 2014). Deputy Kevin Kazmierski saw a car with a partially obstructed license plate and, after running a search of the plate, discovered that the registered owner had a suspended license. Believing that the owner could also be the current driver, Kazmierski pulled the car over. The driver was not the registered owner. The driver told Kazmierksi that she had recently bought the car and had not yet transferred the title to her name. Brown was a passenger in the car.

The driver's answer did not end the car stop. Kazmierski swears that when he approached the car, he smelled an "overpowering odor" of air freshener. In his experience, "[a]ir fresheners are frequently used as a masking agent to hide the odor of drugs." Because of the air freshener, Kazmierski asked the occupants for identification, which they supplied, and he then ran background checks. The checks revealed that they had drug-related convictions. With this added information, Kazmierski prolonged the stop further to call for a police dog to sniff the car. While waiting for the canine unit, he had Brown and the driver stand between the squad car and a concrete barrier. About 10 minutes later, the canine unit arrived. It alerted to drugs in the car.

Based on the dog's alert, Kazmierski patted down Brown. According to Brown, Kazmierski "grabbed, squeezed, and manipulated the front groin area of [Brown's] pants" for two or three minutes. During the pat-down, Kazmierski felt a hard object near Brown's groin. Kazmierski pulled the waist of the pants forward, and another officer reached inside Brown's thermal underwear and retrieved 200 grams of heroin. Brown ultimately pleaded guilty to possessing more than 50 grams of heroin.

After Brown sued Kazmierski and the county, the judge allowed him to proceed on two claims: (1) Kazmierski conducted an unreasonable seizure and search of Brown in violation of the Fourth Amendment, and (2) the county had a policy or custom of conducting unreasonable strip searches. Later, the judge entered summary judgment in favor of the defendants. He first reasoned that based on *Heck* "this Court must assume that [the car stop] complied with the Fourth Amendment." For "[i]f this Court concludes that the initial *Terry* stop or arrest were unlawful, it would necessarily undermine Mr. Brown's criminal conviction for the 200 grams of heroin he possessed during the incident." Based on the assumption that the seizure was lawful, the judge

concluded that the search was reasonable because it was incident to a valid arrest and Brown's private parts were not exposed to onlookers. Finally, he ruled that Brown had not put forth evidence that the county had an unlawful custom of searches in public.

On appeal, Brown argues that the judge misapplied *Heck* to his Fourth Amendment claim by assuming that the car stop was proper. We agree. *Heck* holds that if "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." 512 U.S. at 487. Brown's criminal judgment is based, not on the car stop or evidence derived from it, but on his guilty plea. And Brown's Fourth Amendment claim does not challenge the validity of that plea. Thus, an invalid seizure (and search incident to it) would not *necessarily* imply that his conviction was unlawful. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *Rollins v. Willet*, 770 F.3d 575, 576 (7th Cir. 2014) (reasoning that since there was no trial, "[a] finding that the defendant was illegally seized—the finding he seeks in this suit— would therefore have no relevance to the validity of his guilty plea and ensuing conviction"); *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) ("[A] civil-rights claim does not necessarily imply the invalidity of a conviction or sentence if (1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence and (2) the plaintiff does not plead facts inconsistent with guilt.")

On remand, the judge will need to resolve the parties' dispute about the reasonableness of Kazmierski's seizure of Brown (the impermissibility of which could also invalidate the search incident to it). We decline to decide the matter in the first instance. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976); *Metro. Milwaukee Ass'n of Commerce v. Milwaukee Cty.*, 325 F.3d 879 (7th Cir. 2003). Although we may resolve an issue left open by the district court "where the proper resolution is beyond any doubt" or "injustice might otherwise result," no one contends those circumstances are present here. *Singleton*, 428 U.S. at 121 (quoting *Hormel v. Helvering*, 312 U.S 552, 557 (1941)).

Finally, Brown does not challenge the judge's conclusion that he failed to present evidence that Racine County had a custom or policy of strip searching individuals in public. Because the county can be liable only if constitutional violations derive from such a policy, *see Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978), the judge properly entered summary judgment in favor of the county.

Accordingly, we **AFFIRM** the district court's entry of summary judgment in favor of Racine County. We **VACATE** the judgment on Brown's Fourth Amendment claim against Kazmierski and **REMAND** for further proceedings.