**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAUREN DODSON, | No. 21-55783 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-04011-RGK-MRW |
| v. | |
| COUNTY OF LOS ANGELES; RENE DIAZ, Deputy; JORGE ORTIZ, Deputy, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| MARCOS ESCALANTE; DOES, 1-10 inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 13, 2022
Pasadena, California

Before: BENNETT and SANCHEZ, Circuit Judges, and FOOTE,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Plaintiff-Appellant Lauren Dodson challenges the grant of summary judgment to the defendants in her deliberate fabrication claim brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Dodson primarily challenges the district court's finding that collateral estoppel barred her claim. A California juvenile dependency court found the following (amended) allegations to be true:

> The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian.
>
> The children's mother, Lauren K. Rosen Dodson and the mother's male companion, Craig Sutfin, father of the [injured] child G. have a history of engaging in physical altercations. On 08/30/2017, the mother and the father threw objects at each other, in the presence of the child G. During the physical altercation on 8/30/17 the child G. was injured and suffered a Hematoma to the right side of the child's forehead and a small abrasion to the child's nose. On numerous prior occasions, the mother and father struck each other and pushed and shoved each other, in the presence of the children. Such conduct on the part of the parents endangers the children's physical health and safety and places the children at risk of serious physical harm.

The dependency court made no other factual findings.

We review de novo the district court's conclusion that a prior decision has preclusive effect, *Jacobs v. CBS Broad., Inc.*, 291 F.3d 1173, 1176 (9th Cir. 2002), applying the state's collateral estoppel rules, *Lockett v. Ericson*, 656 F.3d 892, 897 (9th Cir. 2011). Under California law, collateral estoppel bars a second action when: (1) the issue presented is identical to that in the prior action; (2) the issue

was actually litigated in the prior action; (3) the issue was necessarily decided in the prior action; (4) there was a final judgment on the merits; and (5) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Lucido v. Superior Ct.*, 795 P.2d 1223, 1225 (Cal. 1990).

Dodson argues that the issues in the two actions are not identical because her § 1983 claim addresses whether "the defendants deliberately fabricate[d] their incident report by intentionally misrepresenting, distorting, and omitting material information they received from" the parents and the witness, Elisa Williams. We agree. Dodson's § 1983 claim alleges several specific misrepresentations in the incident report,[1] including that Dodson reported no injuries to the officers when she and Williams had instead reported that Sutfin knocked her unconscious during the altercation; that Williams purportedly stated that Dodson was carrying G. while Dodson threw objects at Sutfin and Sutfin swung a broken piece of wood at Dodson, hitting G. instead; that Dodson made conflicting statements about how G. was injured; and that Deputy Diaz falsely reported seeing G. uninjured in the car in the morning. The district court considered only the latter three of these alleged misrepresentations as actionable. The dependency court did not find or determine exactly how G. was injured, nor did it cite Dodson's statements or Diaz's reports

---

[1] Deputy Ortiz drafted the incident report. Deputy Diaz made statements that appear in the incident report, but did not draft the report. Detective Escalante wrote a supplemental report.

3

or statements. It did not determine what was reported to the deputies, and it made no findings regarding whether the incident report was accurate as to these alleged misrepresentations.[2] Thus, the fabrication claim is not identical to the prior issue.

Dodson also argues that the relevant issues were not actually litigated in the dependency court. The County argues that the veracity of the witnesses "was directly at issue, and the juvenile court rejected Appellant's version of the events." But under this prong, we do not consider, for example, whether the veracity of the witnesses was at issue, but whether the core alleged misrepresentations were actually litigated. They were not. The dependency court did not determine whether the deputies falsified certain statements in the incident report, even though it found that G. was injured during the altercation. *See Janjua v. Neufeld*, 933 F.3d 1061, 1068 (9th Cir. 2019).

Finally, Dodson argues that the relevant issues were not necessarily decided. Reading the dependency court's final determination, we can see that it did not determine whether evidence was excluded from the incident report that Dodson had been rendered unconscious during the altercation; whether Dodson was

---

[2] The dependency court struck from the original allegations more specific detail about what might have occurred during the altercation, for example that Sutfin struck Dodson in the face, causing her to lose consciousness and that Sutfin hit Dodson with a stick and struck G.'s face with a stick while Dodson was holding G. Had these allegations been kept in and found true by the dependency court, they could have supported the collateral estoppel argument.

carrying G. while Dodson threw objects at Sutfin and Sutfin swung a broken piece of wood at Dodson; whether Dodson made conflicting statements to the deputies about how G. was injured; or whether Deputy Diaz could not have seen G. uninjured in the car in the morning. But even beyond that, each factual finding the dependency court made had a basis in at least one of the social workers' reports, and so we do not even know if the court materially relied on the incident report. For example, Sutfin told a social worker that G. was injured during the fight, and Dodson told a social worker that she and Sutfin threw objects at each other in the child's presence. The dependency court noted that it "read and considered" the social workers' reports, but it did not mention the deputies' incident report. Dodson is thus correct: "it cannot be said that the state court credited any portion of the Defendants' incident report as a truthful recitation of what the witnesses reported on scene."

For these reasons, Dodson's § 1983 claim is not barred by collateral estoppel, and we reverse the district court's grant of summary judgment for the Defendants, which was made only on this ground.[3]

---

[3] We express no view on whether collateral estoppel could bar Dodson from relitigating the specific findings of the dependency court, such as whether "[d]uring the physical altercation on 8/30/17, the child G. was injured and suffered a Hematoma to the right side of the child's forehead and a small abrasion to the child's nose," or whether on "numerous prior occasions, the mother and father struck each other and pushed and shoved each other, in the presence of the children."

Further, we reject Defendants' argument that Dodson's claim is barred by the *Rooker-Feldman* doctrine. "[W]here the federal plaintiff does not complain of a legal injury caused by a state court judgment, but rather of a legal injury caused by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003). Dodson does not seek relief from the dependency court's judgment, nor does she allege the dependency court erred in any way. Instead, she seeks redress for constitutional violations committed by the deputies who allegedly falsified reports that formed the basis for her criminal charges. Thus, *Rooker-Feldman* does not apply here. *See Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013).

Defendants argue that Dodson's claim is barred by the two-year statute of limitations. We leave this to the district court in the first instance.[4]

**REVERSED.**

---

[4] Defendants argue that Dodson knew of the alleged fabrications in the police report by October 25, 2017, the date of the jurisdictional hearing. Because she did not file suit until April 30, 2020, they argue that her suit is time-barred. Dodson contends, *inter alia*, citing *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019), that her claim did not accrue until the charge of child abuse was dismissed on April 30, 2018.