NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES R. ZUEGEL, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MOUNTAIN VIEW POLICE DEPARTMENT; PATRICK WARD, Officer; BRITTON MOORE, Officer; MARCO GARCIA, Officer; CITY OF MOUNTAIN VIEW, <br><br> Defendants-Appellees. | No. 21-16277 <br><br> D.C. No. 5:17-cv-03249-BLF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted February 12, 2024
San Francisco, California

Before: MILLER, BADE, and VANDYKE, Circuit Judges.

James Zuegel appeals the dismissal of his 42 U.S.C. § 1983 claim that his Fourth Amendment rights were violated when police officers arrested him in his home without a warrant, exigent circumstances, or probable cause (the false arrest

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

claim).[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 777 (9th Cir. 2014) (en banc) and may affirm on any basis supported by the record, *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999). We affirm.

The district court dismissed Zuegel's false arrest claim as barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Under *Heck*, a § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence has already been invalidated. *Id*. at 487; *see Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.").

1.      Zuegel pled no contest to a violation of California Penal Code section 415(2), disorderly conduct. Zuegel concedes that a "guilty plea or a nolo contendere plea does not automatically insulate a subsequent § 1983 case from *Heck*'s reach." He argues, however, that our decision in *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011), could be read for the proposition that a no contest plea *always* precludes the application of a *Heck* bar. But *Lockett* did not hold that the

---

[1]      This case was consolidated for oral argument with *James Zuegel v. Marco Garcia*, *et al.*, No. 22-17021, but we resolve these cases in separate dispositions.

2

*Heck* bar never applies to convictions derived from no contest pleas. Instead, in *Lockett*, we held that the plaintiff's Fourth Amendment claim based on police officers' warrantless entry of his home, which allowed them to obtain evidence that the plaintiff had earlier driven under the influence of alcohol, was not *Heck*-barred when Lockett did not challenge his plea to reckless driving and when the validity of that plea did not depend on the allegedly illegally obtained evidence. *Id.* at 896–97. We concluded that the *Heck* bar did not apply based on the nature of the plaintiff's § 1983 claim, and by considering whether success on that specific claim would imply the invalidity of the conviction or sentence. *Id.* at 896–97.

Thus, under *Heck* and this court's binding precedent, the rule remains that a § 1983 claim for damages is *Heck*-barred when a successful action would necessarily call the plaintiff's conviction into question. *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 644 (9th Cir. 2018) ("The critical question under *Heck* is a simple one: Would success on the plaintiff's § 1983 claim 'necessarily imply' that his conviction was invalid?" (citing *Heck*, 512 U.S. at 487)). Therefore, Zuegel's false arrest claim is *Heck*-barred if success on that claim would necessarily call into question his disorderly conduct conviction, even though his conviction was the result of his no contest plea. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 611 (9th Cir. 2011) (holding that *Heck* bar applied when success of plaintiffs' claims would imply the invalidity of their convictions, which resulted from no contest

3

pleas).). In other words, it does not matter for our determination of whether the *Heck* bar applies that Zuegel entered a no contest plea if the plea resulted in a conviction. *Cf. Duarte v. City of Stockton*, 60 F4th 566, 571 (9th Cir. 2023) ("The *Heck* bar, however, requires an actual judgment of conviction, not its functional equivalent.")

2.      The district court properly concluded that *Heck* bars Zuegel's Fourth Amendment false arrest claim. Zuegel does not contend that his conviction for disorderly conduct has been invalidated, reversed, expunged, or "called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Therefore, the issue here is whether success on Zuegel's false arrest claim "would necessarily imply the invalidity of his conviction" for violating California Penal Code section 415(2). *Id.* "The 'reasonableness' and hence constitutionality of a warrantless arrest is determined by the existence of probable cause." *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990).

The parties dispute whether Zuegel was arrested based on misdemeanor conduct or felony child molestation. Zuegel argues that under California Penal Code § 836(a)(1), to effectuate a lawful warrantless arrest for a misdemeanor offense, a law enforcement officer must have "probable cause to believe that the person to be arrested has committed [an] offense in the officer's presence." Cal. Penal Code § 836(a)(1). But "[t]he requirement that a misdemeanor must have

occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment." *Vanegas v. City of Pasadena*, 46 F.4th 1159, 1165 (9th Cir. 2022) (quoting *Barry*, 902 F.2d at 772). Therefore, a Fourth Amendment violation turns on whether the officer had probable cause to make the arrest, not whether the officer "was present when [the person] committed the misdemeanor." *Barry*, 902 F.2d at 772.

Zuegel alternatively argues that "[a] judgment that the police lacked probable cause to arrest [him] for child molestation would not necessarily imply invalidity of his plea of nolo contendere to making noise in a public place." Thus, Zuegel attempts to parse the facts supporting probable cause for various crimes so that he can pursue a wrongful arrest claim based on child molestation without implying the invalidity of his conviction for disorderly conduct and violating *Heck*.

This argument fails because "an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." *District of Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153–55 & n.2 (2004)); *see also Miller v. City of Scottsdale*, 88 F.4th 800, 804 n.2 (9th Cir. 2023) ("And because probable cause need only exist for one, rather than all, of the offenses charged, we do not address whether there was probable cause to arrest Miller for disorderly conduct."); *Demarest v. City of Vallejo*, 44 F.4th 1209, 1224 (9th Cir. 2022) ("Because the

probable cause standard is objective, probable cause supports an arrest so long as the arresting officers had probable cause to arrest the suspect for any criminal offense, regardless of their stated reason for the arrest." (quoting *Edgerly v. City & Cnty. of San Francisco*, 599 F.3d 946, 954 (9th Cir. 2010)).

Thus, to prevail on his § 1983 false arrest claim by establishing a violation of his Fourth Amendment rights, Zuegel must show that he was arrested without probable cause for *any* offense. *See Barry*, 902 F.2d at 772. Therefore, even if he established that he was arrested for "child molestation" without probable cause, that would not be sufficient to allow him to succeed on his false arrest claim. Instead, he would be required to establish that the officers who arrested him lacked probable cause to arrest him for any offense, including disorderly conduct. Because there is no suggestion that his conviction was based on any evidence other than that known to the officers at the time of his arrest, success on his § 1983 claim would necessarily imply the invalidity of his conviction for disorderly conduct in violation of Cal. Penal Code section 415(2), and his claim is *Heck*-barred.[2]

**AFFIRMED.**

---

[2] Because we concluded that *Heck* bars Zuegel's false arrest claim, we do not decide Defendants' alternative argument that they are entitled to qualified immunity on that claim.