**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CHARLES EDWARD BYRD,
*Plaintiff-Appellant*,

v.

PHOENIX POLICE DEPARTMENT,
named as City of Phoenix Police
Department; ROBERT MCKINNEY,
Phoenix Police Department Officer
#8046; TIMOTHY THIEBAUT, Phoenix
Police Department Officer #8008,
*Defendants-Appellees.*

No. 16-16152

D.C. No.
2:15-cv-02661-
NVW-DKD

OPINION

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted November 14, 2017
Pasadena, California

Filed March 16, 2018

Before: Jacqueline H. Nguyen and Andrew D. Hurwitz,
Circuit Judges, and Richard K. Eaton,* Judge.

* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Per Curiam Opinion;
Concurrence by Judge Eaton

**SUMMARY**[**]

**Prisoner Civil Rights**

The panel reversed the district court's sua sponte dismissal of a complaint seeking damages under 42 U.S.C. § 1983 for alleged violations of plaintiff's constitutional rights by Phoenix police officers during a traffic stop.

The panel disagreed with the district court that the allegation that the officers "beat the crap out of" plaintiff was too vague and conclusory to support a legally cognizable claim. The panel held that plaintiff's use of a colloquial, shorthand phrase made plain that he was alleging that the officers' use of force was unreasonably excessive; this conclusion was reinforced by his allegations about the resulting injuries.

The panel held that plaintiff's § 1983 claims alleging Fourth Amendment and due process violations were not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that § 1983 claims are not cognizable if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. The panel noted that plaintiff pleaded guilty to conspiracy to commit possession of a dangerous drug for sale, that no evidence was produced against him at his plea hearing, and that he alleged no facts

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

suggesting that his plea was not knowing or voluntary. The panel determined that plaintiff's civil suit concerning allegations that the police illegally searched his person and used excessive force had nothing to do with the evidentiary basis for his conviction. Therefore, success on his civil claims would not necessarily demonstrate the invalidity of that conviction.

The panel agreed with the district court that plaintiff's complaint failed to allege a *Monell* claim against the City of Phoenix. But because the panel was remanding for further proceedings, the panel left it to plaintiff's new counsel to determine whether to seek leave to amend to correct the deficiencies identified by the district court.

Concurring, Judge Eaton stated that he would allow plaintiff's § 1983 claims to proceed, because his conviction resulted from a plea agreement and was thus based on no evidence at all.

## COUNSEL

Jeremy B. Rosen (argued) and Mark A. Kressel. Horvitz & Levy LLP, Burbank, California; Kyser Blakely (argued) and Emily Sauer (argued), Certified Law Students, Pepperdine University School of Law Ninth Circuit Appellate Advocacy Clinic, Malibu, California; for Plaintiff-Appellant.

Clarence E. Matherson Jr. (argued), Assistant City Attorney; Brad Holm, City Attorney; Office of the City Attorney, Phoenix, Arizona; for Defendants-Appellees.

## OPINION

PER CURIAM:

Charles Edward Byrd, an Arizona state prison inmate, appeals the district court's *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915A, of his civil rights complaint. We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and reverse and remand to the district court for further proceedings.

## I.

## BACKGROUND

On December 31, 2015, Byrd filed a pro se complaint seeking damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights by Phoenix Police Officers Robert McKinney and Timothy Thiebaut during a traffic stop.[1] Byrd alleged that Officers McKinney and Thiebaut stopped him for riding a bicycle without a headlight, but did not issue him a citation for that violation.[2] Rather, according to Byrd, the officers first searched him and his belongings, and then proceeded to "beat the crap out of" him, causing serious injuries, including the loss of seventy percent of his vision. Byrd later pleaded guilty to conspiracy

---

[1] Byrd's complaint asserted that the police officers' conduct violated his Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendment rights, and that the City of Phoenix Police Department was responsible as their employer.

[2] Riding a bicycle at night without a headlight is a civil traffic violation. *See* Ariz. Rev. Stat. §§ 28-817(A), -626(C).

to commit possession of a dangerous drug, and was sentenced to ten years imprisonment.**[3]**

The district court conducted a pre-answer screening of Byrd's complaint pursuant to 28 U.S.C. § 1915A(a). The court first found that Byrd had improperly named the Phoenix Police Department as a defendant, instead of the City of Phoenix. In addition, the court found that, even if Byrd had sued the city, his claim could not survive dismissal because he alleged a *respondeat superior* theory of liability but did not allege that the officers were acting pursuant to an official policy or custom of the municipality. The court therefore dismissed the suit against the department.

Next, the court examined the six counts of the complaint. The excessive force claim in Count Six was dismissed because the district court found its allegations too vague and conclusory to state a claim, and Count Three was dismissed as duplicative of Count Six. The court held that *Heck v. Humphrey*, 512 U.S. 477 (1994) barred Counts One, Two, Four, and Five of the complaint, which asserted violations of Byrd's Fourth Amendment right to be free from unreasonable search and seizure, and his due process rights under the Fifth and Fourteenth Amendments. The district court dismissed the complaint, with leave to amend, instructing Byrd to "cure the deficiencies outlined" and re-submit the complaint on a court-approved form.

On April 18, 2016, Byrd filed his First Amended Complaint, which again named the City of Phoenix Police Department and the two officers as defendants and repeated

---

**[3]** We grant the parties' motions to take judicial notice of certain documents from the Maricopa County Superior Court's file in Byrd's criminal case (CR2012-150030-001). *See* Fed. R. Evid. 201(b)(2).

the six counts alleged in the original complaint. The district court found that the First Amended Complaint suffered from the same defects that the court had previously identified and dismissed it without leave to amend. The district court denied leave to amend because Byrd was apparently "unable or unwilling to [craft a viable complaint] despite specific instructions from the Court," and further opportunities to amend would be "futile."

## II.

## ANALYSIS

For certain prisoner civil rights litigation, 28 U.S.C. § 1915A(a) requires pre-answer screening of the complaint so that "the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 908 n.1 (9th Cir. 2014) (quotation marks and citation omitted). In this review, the district court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). If the district court determines that any of these grounds is satisfied, it must dismiss the case, and enter a "strike" against the plaintiff prisoner. *See* 28 U.S.C. § 1915(e)(2), (g); *Washington v. Los Angeles County Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016). Three strikes bar a prisoner from bringing a civil action or appeal *in forma pauperis*, unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"To survive § 1915A review, a complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Nordstrom*, 762 F.3d at

908 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). Moreover, "we have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc) (citation omitted); *accord Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017).

## A.

### Byrd's Excessive Force Claim

The excessive force claim in Count Six of Byrd's handwritten complaint alleged that Officers McKinney and Thiebaut

> used excessive force when they beat the crap out of Charles Byrd when they pulled [him] over for no light on his bicycle, even though [he] was on private property, *was not* engaged in criminal activity, *was not* on probation or parole, *did not* receive any type of traffic or [equipment] violation, and *had no* warrants for [his] arrest.

Byrd alleged that his injuries included "severe body pain from the beating, emotional distress from thinking these two officers were going to beat [him] to death, [and] loss of 70% of [his] vision."

The district court found that Byrd's allegations were "too vague and conclusory." Specifically, the court stated:

> Although Plaintiff contends that the officers "beat the crap out of [him]," he does not

> identify what force the officers used, or why they used it. Plaintiff claims that he was stopped for not having a light on his bicycle, but it appears he was arrested for other crimes. Moreover, Plaintiff does not assert that he was not resisting arrest, did not possess a weapon, and did not pose a threat to the police or others. Thus, Plaintiff has failed to state a claim regarding the officers' use of force.

(Alteration in original). The court took judicial notice "that two of the dismissed counts in [the underlying criminal case against Byrd] were for misconduct involving weapons and resisting arrest."

We analyze claims of excessive force under the reasonableness standard of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). "[T]he question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (internal quotation marks and citation omitted). This analysis "requires balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interests at stake' to determine whether the use of force was objectively reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002) (quoting *Graham*, 490 U.S. at 396). Among the factors considered are the need for, and the severity of, the force applied. *See Tekle v. United States*, 511 F.3d 839, 844 (9th Cir. 2007).

We disagree with the district court that the allegation that the officers "beat the crap out of" Byrd was "too vague and

conclusory" to support a legally cognizable claim. Byrd's use of a colloquial, shorthand phrase makes plain that Byrd is alleging that the officers' use of force was unreasonably excessive; this conclusion is reinforced by his allegations about the resulting injuries. *See, e.g.*, *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (finding sufficient allegations that the defendant officers beat the plaintiff "*beyond recognition* with unnecessary force" until he "had a broken arm, two broken legs, numerous contusions, and internal injuries.") (emphasis added). Byrd's allegations that the officers beat him so severely that he lost seventy percent of his vision sufficed to identify the severity of the force the officers used, and to plausibly allege that it was excessive—particularly given our obligation to construe pro se filings liberally. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them.").

## B.

### Byrd's Other Claims

The district court dismissed Counts One, Two, Four, and Five of Byrd's complaint, which asserted Fourth Amendment and due process violations, as *Heck*-barred because they were similar to claims in his then-pending federal habeas corpus petition. *Heck* held that § 1983 damages claims are not cognizable if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. But, if a plaintiff's claim "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* (footnotes omitted).

*Heck* does not prohibit a habeas corpus petition and a § 1983 action from proceeding simultaneously; indeed the Court seemed to anticipate this possibility.**[4]** The critical question under *Heck* is a simple one: Would success on the plaintiff's § 1983 claim "necessarily imply" that his conviction was invalid? *See id.*

Answering this question, we find that *Heck* does not bar Byrd's § 1983 claims. Because Byrd's conviction resulted from a plea agreement and Byrd alleged no facts in his complaint suggesting that the plea was not knowing and voluntary, success in the § 1983 action would not affect his conviction.

Our conclusion finds support in *Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001), which reviewed the dismissal of a

---

**[4]** The *Heck* Court provided the following example of a scenario where a successful § 1983 claim would not demonstrate the invalidity of the plaintiff's conviction:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

512 U.S. at 487 n.7 (internal citations omitted).

§ 1983 case involving plaintiffs who were convicted pursuant to plea agreements of driving under the influence. The plaintiffs' § 1983 action argued that blood draws were unreasonable under the Fourth Amendment. *Id.* at 824. The district court found the § 1983 claims barred by *Heck*, but we disagreed, finding that

> it is apparent that the plaintiffs' lawsuit, even if successful, would not necessarily imply the invalidity of Ove and Forest's DUI convictions. Their lawsuit concerns the way in which their blood was drawn. But blood evidence was not introduced against them. *No* evidence was introduced against them. They pleaded guilty or nolo contendere, respectively. *Their convictions derive from their pleas, not from verdicts obtained with supposedly illegal evidence.* The validity of their convictions does not in any way depend upon the legality of the blood draws. Conspicuously missing from this case is any contention that Ove and Forest's pleas were illegal, involuntary or without factual bases.

*Id.* at 823 (footnotes omitted). We echoed this reasoning in *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011), where the plaintiff brought a § 1983 action challenging the warrantless search of his home and the evidence seized as a result of that search, after pleading nolo contendere to a traffic law violation:

> Our holding in *Ove* is dispositive in Lockett's case. Lockett pled nolo contendere after the superior court denied his . . . suppression motion. He was not tried, and no evidence

> was introduced against him. Therefore, like the convicted plaintiffs in *Ove*, Lockett's conviction "derive[s] from [his] plea[], not from [a] verdict[] obtained with supposedly illegal evidence." "The validity of" Lockett's conviction "does not in any way depend upon the legality" of the search of his home. We therefore hold that *Heck* does not bar Lockett's § 1983 claim.

*Id.* at 896–97 (alterations to sentence three in original) (quoting *Ove*, 264 F.3d at 823); *see also Jackson v. Barnes*, 749 F.3d 755, 760 (9th Cir. 2014).

Similarly, *Heck* poses no bar to Byrd's claims. He pleaded guilty to conspiracy to commit possession of a dangerous drug for sale. No evidence was produced against him at his plea hearing. Thus, success on his § 1983 claims would not necessarily demonstrate the invalidity of his conviction.

Appellees argue that *Whitaker v. Garcetti*, 486 F.3d 572 (9th Cir. 2007) and *Szajer v. City of Los Angeles*, 632 F.3d 607 (9th Cir. 2011), support the district court's application of the *Heck* bar.[5] We find those cases are distinguishable. In

---

[5] Appellees further argue that we should affirm the dismissal on a ground not relied upon by the district court—that Byrd's action is untimely under the applicable statute of limitations because he filed his complaint more than two years after the date of his arrest and the alleged beating. We decline Appellees' invitation to address the statute of limitations issue, or Byrd's claim of equitable estoppel, in the first instance. *See Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) ("In this case, viewing Vernon's *pro se* materials liberally, the statute-of-limitations issue is not so clear-cut as to justify its resolution in this

those cases, as here, the plaintiffs were convicted pursuant to pleas of guilty and nolo contendere to crimes of possession—possession of illegal drugs in *Whitaker*, and possession of an illegal assault weapon in *Szajer*.**[6]** The evidence supporting the possession convictions in those cases and the conspiracy conviction here was found in the challenged search.**[7]** *See Whitaker*, 486 F.3d at 584 (noting that plaintiffs "challenge the search and seizure of the evidence upon which their criminal charges and convictions were based"); *Szajer*, 632 F.3d at 612 ("[Plaintiffs'] civil claims necessarily challenge the validity of the undercover

---

court prior to affording Vernon the opportunity to delineate further a factual basis for estoppel or equitable tolling.").

**[6]** Byrd pleaded guilty to *conspiracy* to commit possession of dangerous drugs for sale—to agreeing, with one or more persons, that he or another person would engage in conduct constituting the underlying offense. Ariz. Rev. Stat. § 13-1003(A); *see also* Ariz. Rev. Stat. § 13-3407(A)(2). While possession of drugs by Byrd is not an element of this crime, Byrd must have committed an overt act in furtherance of the target offense. *See State v. Gessler*, 690 P.2d 98, 102 (Ariz. Ct. App. 1984) ("It is unnecessary to prove commission of the substantive crime that is the subject of the conspiracy so long as there is an agreement to commit the offense and an overt act."). The only overt act was Byrd's possession of the drugs.

**[7]** In *Szajer*, the plaintiffs' gun shop and their residence were searched pursuant to a warrant, and assault weapons, firearms, and ammunition were discovered in both locations. 632 F.3d at 608. Each of the Szajers pleaded no contest to one count of possession of a semiautomatic pistol found in the safe of their residence. *Id.* at 609. In their subsequent civil rights action, the Szajers challenged only the search of their gun shop as unreasonable under the Fourth Amendment. *Id.* at 612. Since the searches of the gun shop and the residence were based on the same warrant and supporting affidavit, however, the court did not find this distinction significant. *Id.*

operation and in doing so imply that there was no probable cause to search for weapons.").

In *Whitaker* and *Szajer*, however, the plaintiffs' civil suits "challenge[d] the search and seizure of the evidence upon which their criminal charges and convictions were based." *Whitaker*, 486 F.3d at 584; *Szajer*, 632 F.3d at 612 (involving challenge to search "based on the *same* search warrant" that provided the evidence supporting their convictions). Therefore, in both cases, the court concluded that if the plaintiffs prevailed on the § 1983 claims, "it would necessarily imply the invalidity of their state court convictions." *Szajer*, 632 F.3d at 612 (describing holding in *Whitaker*).

Here, in contrast, Byrd's conviction was based on methamphetamine he threw when the police were questioning him, which they subsequently recovered "a distance away from where he was at." Byrd's civil suit concerns allegations that the police illegally searched his person and used excessive force on him—*after* they discovered the drugs, for all we know—which has nothing to do with the evidentiary basis for his conspiracy conviction. *See Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) ("[A]n allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction." (construing *Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005) (en banc))). Therefore, success in Byrd's § 1983 action does not "necessarily imply" that his conviction was invalid. *See Heck*, 512 U.S. at 487.

## III.

## CONCLUSION

We conclude that Byrd's complaint alleged sufficient facts to state a claim of excessive force, and that *Heck* does not bar Byrd's other claims. We express no opinion as to the accuracy of Byrd's claims or whether they will survive further scrutiny. We therefore **REVERSE** and **REMAND** for further proceedings.[8]

---

EATON, Judge, concurring:

I join in the panel's reasoning in all respects other than those dealing with the *Heck* bar. Under *Heck*, where a plaintiff's § 1983 claim for damages, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (footnotes omitted). Applying this rule, some of this Circuit's opinions have concluded that, because no evidence is presented against a plaintiff where a conviction results from a plea agreement, a § 1983 case is not barred by *Heck*: "*No* evidence was introduced against [plaintiffs Ove and Forest]. They pled guilty or nolo contendere, respectively. *Their convictions derive from their pleas, not from verdicts*

---

[8] We agree with the district court that Byrd's complaint failed to allege a *Monell* claim against the City of Phoenix. But because we remand for further proceedings, we leave to Byrd's new counsel whether to seek leave to amend to correct the deficiencies identified by the district court.

*obtained with supposedly illegal evidence.*" *Ove*, 264 F.3d at 823 (emphasis in original).

I believe this analysis to be correct, and thus would not draw the distinction, apparently made in *Whitaker* and *Szajer*, that would impose the *Heck* bar in cases where the § 1983 action involves the seizure of evidence that might have been used to prosecute a defendant had there been a trial. The *Heck* opinion makes this clear:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

512 U.S. at 487 n.7 (internal citations omitted). This rule regarding pleas has been adopted elsewhere, and, it seems to me, should be adopted here. *See Rollins v. Willett*, 770 F.3d 575, 576 (7th Cir. 2014) (reasoning that since there was no trial, "[a] finding that the defendant was illegally seized—

the finding he seeks in this suit—would therefore have no relevance to the validity of his guilty plea and ensuing conviction"); *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) ("[A] civil-rights claim does not necessarily imply the invalidity of a conviction or sentence if (1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence and (2) the plaintiff does not plead facts inconsistent with guilt." (citing *Lockett v. Ericson*, 656 F.3d 892, 897 (9th Cir. 2011)).

Thus, I would allow Byrd's § 1983 claims to proceed, not because he pled guilty to conspiracy, and there was no way of knowing whether he threw the drugs away before or after the complained of civil rights violations, but because his conviction resulted from a plea agreement and was thus based on no evidence at all.