**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 03 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EILEEN SHAVELSON,

              Plaintiff-Appellant,

v.

HAWAII CIVIL RIGHTS
COMMISSION, (HCRC) the
investigators, supervisors, director and co-
director, in their individual professional
capacity at HCRC; CONSTANCE
DeMARTINO; WILLIAM D. HOSHIJO;
MARCUS KAWATACHI,

              Defendants-Appellees.

No.    15-16525

DC No. CV 15-55 LEK

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted June 11, 2018
Honolulu, Hawaii

Before:    TASHIMA, W. FLETCHER, and HURWITZ, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Eileen Shavelson ("Shavelson") appeals the district court's dismissal of her civil rights complaint against Defendants-Appellees the Hawaii Civil Rights Commission ("HCRC") and individual HCRC employees Constance DeMartino, William Hoshijo, and Marcus Kawatachi.[1] We affirm in part, reverse in part, and remand.

**1.** Shavelson first contends that the district court erred in dismissing her Sixth Amendment claim. However, the protections of the Sixth Amendment apply only to criminal prosecutions. *United States v. Hall*, 419 F.3d 980, 985–86 (9th Cir. 2005). The district court thus properly dismissed Shavelson's Sixth Amendment claim.

**2.** Shavelson next contends that she stated a Fourteenth Amendment procedural due process claim against the HCRC employees. To have a property interest protected by the Fourteenth Amendment, Shavelson must have a "legitimate claim of entitlement" to a government benefit, which entitlement is created "by existing rules or understandings that stem from an independent source such as state law. . . ." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). "[A] benefit is not a protected entitlement if government officials may

---

[1] After briefing was complete, the court appointed *pro bono* counsel for Shavelson, and the parties submitted supplemental opening, answering, and reply briefs.

grant or deny it in their discretion." *Ching v. Mayorkas*, 725 F.3d 1149, 1155 (9th Cir. 2013) (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)). "A reasonable expectation of entitlement is determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms." *Wedges/Ledges of Cal., Inc. v. City of Phx.*, 24 F.3d 56, 62 (9th Cir. 1994) (internal quotation marks and citations omitted).

Shavelson contends that she has a property interest in "an HCRC investigation that comports with due process." However, the government benefit Shavelson desires is the HCRC's reasonable cause determination and resulting assistance. A reasonable cause determination is one potential outcome of a HCRC investigation, but whether to grant such a determination is discretionary, Haw. Rev. Stat. § 368-13, and a plaintiff may sue (as Shavelson did) without receiving a reasonable cause determination. Haw. Rev. Stat. § 515-9. Because "[n]o constitutionally protected property interest can exist in the outcome of a decision 'unmistakably committed . . . to the discretion of the [public entity]," *Ulrich v. City & Cty. of S.F.*, 308 F.3d 968, 976 (9th Cir. 2002) (all but first alteration in original) (citing *Parks v. Watson*, 716 F.2d 646, 657 (9th Cir. 1983)), Shavelson cannot state a procedural due process claim. Therefore, the court did not err in dismissing with prejudice Shavelson's due process claim.

3

**3.**     Finally, Shavelson contends that the district court erred in dismissing with prejudice her Fourteenth Amendment claim.  The district court did not address whether Shavelson had stated an equal protection claim; with respect to the Fourteenth Amendment, the court addressed only whether Shavelson stated a procedural due process claim, as discussed in Part 2, above.  To state a Fourteenth Amendment equal protection claim, a plaintiff must allege "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Starr v. Baca*, 652 F.3d 1202, 1215 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").  Shavelson's complaint is deficient in several respects.  For example, she does not allege that she was a member of a protected class, nor does she clearly allege how each HCRC employee acted with discriminatory animus.

However, the district court should have granted Shavelson leave to amend to state an equal protection claim.  When a plaintiff is *pro se*, the district court is "required to explain the deficiencies" in a complaint, and only dismiss with prejudice if it is "absolutely clear that [Shavelson] could not cure the deficiencies by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).  A court

4

may consider "[f]acts raised for the first time in a plaintiff's opposition papers" when deciding whether leave to amend is warranted. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003); *see Byrd v. Phx. Police Dep't*, 885 F.3d 639, 643 (9th Cir. 2018) ("This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." (quoting *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013))). Shavelson's complaint, opposition, and motion for reconsideration all put the district court on notice that Shavelson was trying to allege that the HCRC's investigation was plagued by racial favoritism. Therefore, the district court should have granted Shavelson leave to amend to attempt to assert an equal protection claim.[2]

• ● •

The judgment of the district court is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** with instructions for the district court to grant Shavelson leave to amend her complaint to state a Fourteenth Amendment equal protection

---

[2] We do not separately discuss the claims argued in Shavelson's *pro se* briefs because they are either barred as due process claims, as discussed in Part 2, or are subsumed as part of her equal protection claims, as to which she has been granted leave to amend on remand.

claim against the HCRC employees. Each party shall bear her, his, or its own costs on appeal.