

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD MUSSELMAN, | No. 18-15322 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02790-SMM |
| v. | |
| MICHAEL MEELHUYSEN, Badge no. 7090, in his individual capacity as an officer with the Phoenix Police Department; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted July 12, 2019[**]
Portland, Oregon

Before:  TASHIMA, GRABER, and OWENS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Plaintiff Edward Musselman appeals the summary judgment entered in favor of Defendant Officers Michael Meelhuysen and Brian Herrick on his 42 U.S.C. § 1983 claims of excessive force. Reviewing de novo, and viewing the evidence in the light most favorable to Plaintiff, Soto v. Sweetman, 882 F.3d 865, 869 (9th Cir.), cert. denied, 139 S. Ct. 480 (2018), we affirm in part, reverse in part, and remand.

The district court correctly recognized that Heck v. Humphrey, 512 U.S. 477 (1994), bars certain theories underlying Plaintiff's claims. For example, Plaintiff contends that he "did not fight back or otherwise resist" Defendants during the encounter, that he "made no indication of posing an immediate threat" to Defendants, and that the use of force was excessive because he "was innocent of each charge." Plaintiff cannot proceed on those theories because they contradict his guilty plea for "intentionally plac[ing]" Herrick "in reasonable apprehension of imminent physical injury."

But Plaintiff can recover under other theories of liability without invalidating his conviction for assaulting Herrick. Heck does not bar § 1983 claims for excessive force that occurred after the conduct that formed the basis for a plaintiff's conviction, because such claims do not necessarily imply the invalidity

of the conviction.  Smith v. City of Hemet, 394 F.3d 689, 698 (9th Cir. 2005) (en banc).

Here, Plaintiff alleges that Meelhuysen beat him after Plaintiff attempted to kick Herrick and that Herrick "aided and abetted the attack."  Heck does not bar Plaintiff's claims to the extent that he challenges allegedly excessive force that occurred after he assaulted Herrick.  Byrd v. Phx. Police Dep't, 885 F.3d 639, 645 (9th Cir. 2018) (per curiam).  In Beets v. County of Los Angeles, 669 F.3d 1038, 1044 (9th Cir. 2012), where we held that Heck barred the plaintiffs' excessive force claims, the defendant officer "acted during the course of [the plaintiffs'] criminal activity and brought that activity to an end."  (Emphasis added.)  By contrast, according to Plaintiff, Meelhuysen repeatedly punched Plaintiff in the face after Plaintiff assaulted Herrick, so Meelhuysen's use of allegedly excessive force did not bring Plaintiff's criminal activity to an end (because it had already ended).  Thus, although the encounter ended quickly, there still existed a temporal gap between Plaintiff's attempt to kick Herrick and Meelhuysen's punching Plaintiff after Plaintiff ended up on the ground.  Because Heck does not bar these claims, the grant of summary judgment to Defendants on these claims is reversed.

**AFFIRMED in part, REVERSED in part, and REMANDED.**  The parties shall bear their own costs on appeal.

3