
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GORDON C. REID,

          Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA; et al.,

          Defendants-Appellees.

No.   18-16042

D.C. No.
1:14-cv-01163-LJO-JLT

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted August 11, 2020
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and BATAILLON,** District
Judge.

      Gordon Reid appeals the order dismissing his First and Eighth Amendment

claims, brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau

of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA), 28

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

U.S.C. § 1346, against guards at the federal correctional facility where he was a prisoner.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's order dismissing an action for failure to state a claim, *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010), and we affirm in part, reverse in part, and remand.

Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

1. The district court erred by dismissing Reid's Eighth Amendment *Bivens* claims against all defendants. The Supreme Court has previously acknowledged Fourth, Fifth, and Eighth Amendment *Bivens* claims but has recently indicated that recognizing new types of *Bivens* claims is "disfavored." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855–57, 1860 (2017). When presented with a *Bivens* claim, the Supreme Court has instructed courts to analyze: (1) "whether a case presents a new *Bivens* context;" and (2) whether any "special factors counseling hesitation in the absence of affirmative action by Congress" warrant judicial abstention. *Id.* at 1857, 1859–60 (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)).

---

[1] Reid also brought a Fourth Amendment excessive force *Bivens* claim, but at argument, he conceded that this claim is most appropriately addressed under the Eighth Amendment.

Reid's Eighth Amendment claims do not present a new *Bivens* context. In *Carlson*, the Supreme Court recognized an Eighth Amendment *Bivens* claim based on prisoner mistreatment. 446 U.S. at 18; *see Abbasi*, 137 S. Ct. at 1864–65. A claim for damages based on individualized mistreatment by rank-and-file federal officers is exactly what *Bivens* was meant to address. *See Lanuza v. Love*, 899 F.3d 1019, 1029–32 (9th Cir. 2018). Continuing to recognize Eighth Amendment *Bivens* claims post-*Abbasi* will not require courts to plow new ground because there is extensive case law establishing conditions of confinement claims and the standard for circumstances that constitute cruel and unusual punishment. *E.g.*, *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (noting that the Court has "extended the deliberate indifference standard applied to Eighth Amendment claims involving medical care to claims about conditions of confinement"); *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014).

Special factors do not counsel against allowing Reid to press his claim here. Indeed, the opposite holds true. First, Reid has no other viable remedy. *See Lanuza*, 899 F.3d at 1031–33. The prison's internal administrative process is not available to him because the allegedly unconstitutional treatment described in his complaint was inflicted in retaliation for his earlier attempt to report abuse by a prison guard through the prison's internal grievance process. The FTCA does not

3

allow actions against individual guards, so it does not offer a means for deterring future misconduct. *See Carlson*, 446 U.S. at 21–23. The government does not attempt to explain how Reid's injuries could be redressed through habeas, state-law remedies only exist for actions outside the scope of employment, and equitable relief does nothing to cure the damage Reid already suffered. *Cf. Abbasi*, 137 S. Ct. at 1865. Finally, we conclude that allowing Reid's claims to proceed would not result in inappropriate judicial intrusion into Bureau of Prisons (BOP) policy. Reid does not seek to change BOP policy; he alleges individualized injuries and fears of retaliation unique to him, not the inmate population as a whole. *See id.* at 1860; *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). We are mindful that qualified immunity protects a broad swath of conduct. *See Malesko*, 534 U.S. at 70.

2.  Reid's Eighth Amendment excessive force claims were plausibly pleaded and the district court erred by dismissing these claims pursuant to the screening requirements of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A. The Eighth Amendment's excessive force standard requires a plaintiff to allege that correctional officers: (1) acted for the "very purpose of causing harm"; (2) "used excessive and unnecessary force under all of the circumstances"; and (3) "caused the plaintiff harm." *Hoard v. Hartman*, 904 F.3d 780, 788 & n.9 (9th Cir.

2018).  The district court ruled that Reid did not plausibly allege excessive force because he did not provide "facts by which the court may evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  But Reid described in detail three instances where officers used force to injure him at times where he alleges he offered no resistance.  *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642–43 (9th Cir. 2018) (per curiam) (holding that pro se plaintiff's "use of a colloquial, shorthand phrase" and description of his injuries stated claim of unreasonable force).  Reid's amended complaint alleged that he was already handcuffed and lying face-down when a guard slammed his head into an iron rail, and that he was twice held in full restraints with his hands tightly handcuffed in a black box for 48-hours and left unable to urinate, defecate, sleep, or "attend to any hygienic task," in retaliation for filing administrative grievances and not as a result of any disciplinary infraction.  Given these allegations, it is reasonable to infer that Reid's pro se complaint alleged that the officers used unnecessary force intended to injure him.  This is enough to survive PLRA screening.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (noting that courts have "an obligation where the

petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt").

3. Reid's Eighth Amendment claims premised on unconstitutional conditions of confinement likewise survive. To plead this type of claim, an inmate must allege: (1) sufficiently serious harm, in that he is denied "the minimal civilized measure of life's necessities"; and (2) that prison officials were deliberately indifferent to a substantial risk to his safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Deliberate indifference requires prison officials to be aware of a substantial risk of harm and to disregard that risk. *Id.* The district court agreed that the harm Reid described was sufficiently serious, but Reid also plausibly alleged that each officer was aware of the harm caused by their individual actions, yet left him to suffer anyway. *See Hearns v. Terhune*, 413 F.3d 1036, 1041 (9th Cir. 2005) (reversing dismissal because prisoner pleaded facts that officers knew he was at risk of harm from other inmates and left him alone with the other inmates who beat him). These claims also should have survived PLRA screening because Reid's allegations are plausible. *See* 28 U.S.C. § 1915A(b)(1) (prisoner claims survive screening if they "state a claim on which relief may be granted").

6

4.     We affirm the order dismissing Reid's First Amendment *Bivens* claims against all defendants.  Special factors, namely the availability of adequate alternative remedies, counsel hesitation.  *Abbasi*, 137 S. Ct. 1857–58.  On the facts of this case, Reid can use his Eighth Amendment excessive force claims to vindicate the injuries caused by the officers' retaliatory actions.

5.     We reverse the order dismissing Reid's FTCA claims. The district court dismissed Reid's pro se claims for failure to plead exhaustion.  Exhaustion under the FTCA is jurisdictional, *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), but Reid is now represented and he asserts that he can show that he exhausted his FTCA claims if given the chance to do so on remand.  Accordingly, we remand to the district court to determine if amendment would be futile.  *See Bozzio v. EMI Grp. Ltd.*, 811 F.3d 1144, 1154 (9th Cir. 2016).

**AFFIRMED IN PART, REVERSED IN PART, REMANDED**, with the parties to bear their own costs.