**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADAM BERNARD SERNAS, | No. 19-17610 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00730-DJH-ESW |
| v. | |
| CANTRELL, Deputy Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted May 13, 2021
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,[**] District Judge.
Partial Dissent by Judge BRESS

Plaintiff-Appellant Sernas appeals the district court's sua sponte dismissal of

his pro se third amended complaint for failure to state a claim under the Prison

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

Litigation Reform Act of 1995 (PLRA) § 805(a), 28 U.S.C. § 1915A.[1]  We have jurisdiction under 28 U.S.C. § 1291 and review de novo.  *Byrd v. Maricopa Cnty. Bd. of Supervisors* (*Maricopa*), 845 F.3d 919, 922 (9th Cir. 2017).  We affirm in part and reverse in part.

The PLRA requires federal courts to review civil prisoner complaints and "dismiss the complaint, or any portion of the complaint, if the complaint[] . . . fails to state a claim upon which relief may be granted . . . ."  28 U.S.C. § 1915A(b).  "To survive § 1915A review, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (citation and internal quotations omitted).  We take the factual allegations in the third amended complaint as true and in the light most favorable to the plaintiff, and liberally construe pro se pleadings.  *Maricopa*, 845 F.3d at 922.

1.      Sernas has stated a plausible Eighth Amendment claim of deliberate indifference as to Defendants Cantrell, Galvan, Baker, and Collars.  Like the plaintiff in *Berg v. Kincheloe*, 794 F.2d 457, 458, 460–61 (9th Cir. 1986), Sernas alleged that he was placed in the "refuse-to-house" pod due to threats on his life

---

[1] Because dismissal was entered before Defendants-Appellees were required to appear, the Arizona Attorney General appeared before this court as amicus curiae.

from other inmates on his unit; that while in the pod, he had conversations with Defendants Cantrell, Galvan, Baker, and Collars in which he informed them that his life would be in danger if he was returned to his unit; that these defendants ordered him to return to Barchey unit and threatened him with disciplinary action if he refused; that he complied, and about fifteen minutes after his return to his unit, he was assaulted by other inmates. These factual allegations are sufficient to state an Eighth Amendment claim of deliberate indifference. *See id.*; *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000) (acting with "deliberate indifference" requires an official to "have actual knowledge of an excessive risk to inmate health or safety" and to "deliberately disregard that risk"). Moreover, the allegations also support a plausible inference that these defendants were both "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and "also [drew] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). And contrary to the dissent's assertion, there is no requirement that the plaintiff show that the officer knew "that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

2. The district court correctly held that Sernas failed to state an Eighth Amendment claim as to Defendants Jimenez, Gonzalez, Palmer, and Willis. Sernas did not allege that Gonzalez, Palmer or Willis were directly involved in the

3

decision to require Sernas to re-house on the Barchey unit. With respect to Defendant Jimenez, Sernas made no allegations that Jimenez was on notice of the threats. Because Sernas offers no facts that could remedy these deficiencies, the district court did not err in denying additional leave to amend on the basis of futility.

3.    To the extent Sernas now alleges claims under the First and Fourteenth Amendments against Defendants Jimenez and Galvan, the district court did not err in dismissing the third amended complaint. Sernas's third amended complaint alleged only an Eighth Amendment violation under 42 U.S.C. § 1983. The Supreme Court has recognized that "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Although courts have a duty to read a pro se complaint liberally, a district court is not required to sift through allegations to see what unidentified causes of action a pro se prisoner may have a claim for. Moreover, because these claims were not pled, this argument was never raised to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

*    *    *

4

We therefore affirm the district court's dismissal as to Defendants Jimenez, Gonzalez, Palmer, and Willis, reverse as to Defendants Cantrell, Galvan, Baker, and Collars, and remand for further proceedings. We decline to direct the district court to appoint pro bono counsel on remand because Sernas has not demonstrated that the district court abused its discretion by denying his request without prejudice.

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

*Sernas v. Cantrell*, No 19-17610

BRESS, Circuit Judge, dissenting in part:

I agree with the majority that Sernas failed to state an Eighth Amendment claim as to defendants Jimenez, Gonzalez, Palmer, and Willis, and that the district court did not err in dismissing Sernas's complaint insofar as he alleged a First Amendment violation. I respectfully part ways with the majority, however, on the issue of whether the district court erred in dismissing Sernas's Eighth Amendment claims as to defendants Cantrell, Galvan, Baker, and Collars.

To state an Eighth Amendment claim, Sernas had to allege that these prison officials acted with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). In this context, deliberate indifference means the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Although Sernas was pro se, the district court gave him three opportunities to amend his complaint. Ultimately, I find the district court's analysis more convincing than the majority's. As the district court concluded, Sernas's allegations are insufficiently detailed to meet the deliberate indifference standard because Sernas

provided only a skeletal basis for his fear of future harm. Among other things, and as the district court explained, Sernas did not allege that he informed prison officials where or when other inmates threatened him; the details of the threats; or that he identified (or even described) to officials the inmates who made the threats. Nor, as the district court noted, is it "clear from Plaintiff's allegations whether the inmates who assaulted him were the same inmates who threatened him or whether the assault had anything to do with Plaintiff's refusal to hold illegal drugs for inmates." While defendants may have been negligent, I do not think Sernas has pleaded that they acted with deliberate indifference.[1]

I am not persuaded that *Berg v. Kincheloe*, 794 F.2d 457 (9th Cir. 1986), requires a different result. *Berg* was a summary judgment case and provided scant

---

[1] Quoting *Farmer*, 511 U.S. at 843, the majority states that "there is no requirement that the plaintiff show that the officer knew 'that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault.'" But the full quote from *Farmer* is: "Nor may a prison official escape liability for deliberate indifference by showing that, *while he was aware of an obvious, substantial risk to inmate safety*, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* (emphasis added). As *Farmer* explained, in situations where officials know of a substantial risk of harm (*e.g.*, where the plaintiff "belongs to an identifiable group of prisoners who are frequently singled out for violent attack by other inmates," or where certain forms of violence were "so common and uncontrolled" that it is effectively inescapable), "it would obviously be irrelevant to liability that the officials could not guess beforehand precisely who would attack whom." *Id.* But Sernas does not allege generally violent conditions, and his non-specific allegations are not sufficient to show he gave officials enough information to allow them to conclude he was otherwise at an obvious, substantial risk of harm.

2

details about the specific allegations in the plaintiff's complaint. I thus do not think *Berg* requires the conclusion that the allegations in Sernas's complaint, which lack factual detail, state a claim for deliberate indifference. *Berg* also noted that a prisoner must provide "more than a mere suspicion that an attack will occur," *id.* at 459 (quotations omitted), which more aptly describes Sernas's allegations.

For these reasons, I would affirm the judgment of the district court.