NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAUNTAE TAYLOR, | No. 20-16836 |
| Plaintiff-Appellant, | D.C. No. 1:19-cv-00068-AWI-BAM |
| v. | |
| JIMINEZ, Sergeant at Kern Valley State Prison; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted July 19, 2021**

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

California state prisoner Shauntae Taylor appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force and deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We reverse and remand.

The district court dismissed Taylor's excessive force claim for failure to state a claim. However, Taylor alleged that defendants acted with malice when inflicting unnecessary injury and harm through the use of excessive force, including deploying a grenade inside his cell and seriously beating him without provocation. These allegations are sufficient to state a claim. *See Hudson v. McMillian*, 503 U.S. 1, 5-7 (1992) (explaining the elements of an excessive force claim in the prison context); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642-43 (9th Cir. 2018) (plaintiff's allegation that defendants "beat the crap out of [him]" was sufficient to state an excessive force claim).

The district court dismissed Taylor's deliberate indifference claim for failure to state a claim. However, Taylor alleged that defendants acted with deliberate indifference to his serious medical needs by failing to treat his swollen left eye following a physical altercation with defendants. Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (deliberate indifference standard).

We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

20-16836

Taylor's request for appointment of counsel, set forth in the opening brief, is denied.

**REVERSED and REMANDED.**