NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXANDER RASHAD HAMILTON, | No. 20-16495 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-01223-JST |
| v. | |
| RON DAVIS, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted November 9, 2021[**]
San Francisco, California

Before: OWENS, BADE, and LEE, Circuit Judges.

Alexander Rashad Hamilton, a California state prisoner, appeals pro se the

district court's dismissal pursuant to 28 U.S.C. § 1915A of his civil rights action

concerning prison disciplinary proceedings at San Quentin State Prison. We have

jurisdiction under 28 U.S.C. § 1291 and review de novo. *Hayes v. Idaho Corr.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). We affirm.

1. Hamilton did not state an Eighth Amendment claim that certain defendants failed to supervise or properly train the officers who searched Chism—another inmate who allegedly stabbed Hamilton. *See Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (stating prison officials have a duty to "protect prisoners from violence at the hands of other prisoners" (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994))). He named as defendants only the supervisors, not the officers who conducted the search, and there is no respondeat superior liability under 42 U.S.C. § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The amended complaint did not sufficiently allege that the defendants were aware of an excessive risk to Hamilton's safety and disregarded this risk. *See Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (holding conclusory allegations that supervisor promulgated unconstitutional policies and procedures that authorized unconstitutional conduct of subordinates did not suffice to state a claim of supervisory liability); *Taylor*, 880 F.2d at 1045 (recognizing that supervisor may be liable if he knew of a violation and failed to act to prevent it).

2. Hamilton failed to state an equal protection claim because the amended complaint did not plausibly allege that defendants singled him out for less favorable treatment based on his commitment offense. *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) ("To survive § 1915A review, a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotation marks and citation omitted)); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167–68 (9th Cir. 2005) (outlining requirements for a "class of one" equal protection claim).

3.      The amended complaint did not state a due process claim. "[P]risoners have liberty interests protected by the Due Process Clause only where the contemplated restraint 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  The only cognizable restraint on liberty that we can discern from Hamilton's amended complaint is that prison officials rehoused him in a security housing unit and he lost certain privileges based on charges that he battered inmate Chism with a weapon.

Even assuming this restraint imposed atypical and significant hardship on Hamilton, he failed to either state a cognizable claim or allege sufficient facts to support any cognizable claim.  *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (stating "some evidence" must support prison disciplinary decision to comply with due process); *Wolff v. McDonnell*, 418 U.S. 539, 563–68 (1974) (outlining due process requirements for prison disciplinary proceedings); *Ponte v. Real*, 471 U.S. 491, 497 (1985) (explaining valid prohibitions on calling witnesses

3

at prison disciplinary hearings); *Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (explaining that failure to follow internal prison policy does not amount to a constitutional violation).

**AFFIRMED.**