FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FRANCISCO DUARTE,

        *Plaintiff-Appellant,*

and

ALEJANDRO GUTIERREZ,

        *Plaintiff,*

  v.

CITY OF STOCKTON; STOCKTON
POLICE DEPARTMENT; ERIC
JONES; KEVIN JAYE HACHLER;
ERIC B. HOWARD; MICHAEL
GANDY; CONNER NELSON;
UNDERWOOD, Sergeant,

        *Defendants-Appellees.*

No. 21-16929

D.C. No. 2:19-cv-
00007-MCE-CKD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted November 15, 2022
San Francisco, California

Filed February 16, 2023

Before:  Johnnie B. Rawlinson and Andrew D. Hurwitz, Circuit Judges, and Kathleen Cardone,[*] District Judge.

Opinion by Judge Cardone

## SUMMARY[**]

### Civil Rights

In an action brought pursuant to 42 U.S.C. § 1983, the panel reversed the district court's dismissal of plaintiff's false arrest and municipal liability claims, as well as the district court's adverse summary judgment on plaintiff's excessive force claim,  and remanded for further proceedings.

Plaintiff pled "no contest" or "nolo contendere" to willfully resisting, obstructing, and delaying a peace officer in violation of section 148(a)(1) of the California Penal Code.  Although plaintiff entered the equivalent of a guilty plea, the state court never entered an order finding him guilty of the charge to which he pleaded.  Instead, the court ordered that its acceptance of plaintiff's plea would be "held in abeyance," pending his completion of ten hours of

---

[*] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

community service and obedience of all laws. After the six months of abeyance elapsed, the charges against plaintiff were "dismissed" in the "interest of justice" on the prosecutor's motion.

The district court held that plaintiff's false arrest and excessive force claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that § 1983 claims must be dismissed if they would "necessarily require the plaintiff to prove the unlawfulness of his conviction." Plaintiff's municipal liability claims were also rejected as improperly filed against defendants who were not "persons."

The panel held that the *Heck* bar does not apply in a situation where criminal charges are dismissed after entry of a plea that was held in abeyance pending the defendant's compliance with certain conditions. The panel rejected appellees' argument that by pleading no contest and completing the conditions of his agreement with the prosecution, plaintiff was functionally convicted and sentenced. The panel held that the *Heck* bar requires an actual judgment of conviction, not its functional equivalent.

The panel further held that the district court erred in dismissing plaintiff's municipal liability claims against the City of Stockton and Stockton Police Department. Longstanding precedent establishes that both California municipalities and police departments are "persons" amenable to suit under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 701 (1978); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 n.2 (9th Cir. 1988).

## COUNSEL

Elizabeth Bixby (argued) and David Oyer, Roderick & Solange MacArthur Justice Center, Washington, D.C.; Easha Anand, Roderick & Solange MacArthur Justice Center, San Francisco, California; Yolanda Huang, Law Office of Yolanda Huang, Oakland, California; for Plaintiff-Appellant.

Dana A. Suntag (argued), Joshua J. Stevens, and Amy N. Seilliere, Herum Crabtree Suntag, Stockton, California, for Defendants-Appellees.

Marie L. Miller and Patrick M. Jaicomo, Institute for Justice, Arlington, Virginia; Anya Bidwell, Institute for Justice, Austin, Texas; for Amicus Curiae Institute for Justice.

## OPINION

CARDONE, District Judge:

In this 42 U.S.C. § 1983 action, Francisco Duarte appeals from the dismissal of his false arrest and municipal liability claims, as well as the adverse grant of summary judgment on his excessive force claim.  The district court held that Duarte's false arrest and excessive force claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, § 1983 claims must be dismissed if they would "necessarily require the plaintiff to prove the unlawfulness of his conviction."  *Id.* at 486.  But because Duarte was never convicted, we find that the *Heck* bar does not apply.

Duarte's municipal liability claims were also rejected as improperly filed against defendants who were not "persons." But longstanding precedent establishes that both California municipalities and police departments are "persons" amenable to suit under § 1983.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 701 (1978); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 n.2 (9th Cir. 1988). Accordingly, we reverse the judgment of the district court and remand for further proceedings.

## I.    BACKGROUND

The following facts are undisputed unless otherwise noted.

### A. Duarte's Arrest

On May 5, 2017, Duarte was in a public area in downtown Stockton, California.  The parties dispute how it happened but agree that Duarte ended up standing within a few feet of a group of Stockton police officers—including

Michael Gandy and Kevin Jaye Hachler—who were detaining another person. Appellees assert that Gandy twice ordered Duarte to back up. Duarte contends that if he was so ordered, he did not hear it. Either way, the parties agree that Gandy forcefully took Duarte to the ground when he did not back up.

The parties also agree that either Hachler, Gandy, or both ordered Duarte to put his hands behind his back. Duarte claims he was unable to do so because his hands were pinned under him by the weight of Gandy pressing down on his back. Appellees claim that rather than attempt to comply, Duarte tried to pull his arm away.

The parties agree that Hachler then struck Duarte in the leg with a baton, breaking a bone. Duarte claims that Hachler struck him "at least six times on the same spot on his leg." After the encounter, Duarte was taken into custody.

## B. State Criminal Proceedings

Duarte was charged with willfully resisting, obstructing, and delaying a peace officer in violation of section 148(a)(1) of the California Penal Code. On July 12, 2018, Duarte and his attorney both signed and dated a document titled "Misdemeanor Advisement of Rights, Waiver and Plea Form" (the "Plea Form"). On the Plea Form, Duarte initialed the statement, "I hereby freely and voluntarily plead . . . no contest." He also initialed several statements evincing his understanding of his rights, the charges against him, and the effect of entering a plea. Among those statements were the following:

> I understand that a plea of no contest (nolo contendere) will have exactly the same effect

in this case as a plea of guilty, but it cannot be used against me in a civil lawsuit.

. . .

My decision to enter this plea has been made freely and voluntarily. No promises or inducements have been made in connection with this plea except: plea in abeyance – 10 hours community service at any non-profit of my choice. 6 month [illegible] vacate plea and dismissal on Jan. 12, 2019 – if I fail to do the 10 hours of community service, then CTS & 3 years informal probation.

. . .

I understand that this conviction could be used against me in the future as a prior conviction, to increase any penalties for future convictions, or could be used to violate my probation or parole which has been granted in another case.

On the same day, the court held a hearing and entered a Minute Order, stating, "Defendant pleads Nolo Contendre [sic] to: 1, PC 148(A)(1) . . . . Court's acceptance of plea held in abeyance."[1] The Minute Order also incorporated the conditions from the Plea Form, requiring Duarte to complete ten hours of community service and obey all laws.

Six months later, the state court held another hearing and entered a Minute Order, in which the "event type" was

---

[1] The judge signed Duarte's Plea Form beneath a paragraph stating that "[t]he Court accepts the defendant's plea(s) and admission(s), if any," but left the space for a date next to his signature blank.

denoted "Plea Held In Abeyance," and which ordered, "Case dismissed upon motion of DDA, Interest of justice."

## C. Federal Civil Proceedings

On December 31, 2018, Duarte filed this § 1983 action in the United States District Court for the Eastern District of California, asserting claims for excessive force and false arrest against Gandy, Hachler, Stockton Chief of Police Eric Jones, three other Stockton police officers, and a number of John Doe officers. Duarte also brought associated municipal liability claims against the City of Stockton and the Stockton Police Department.

The district court dismissed Duarte's claims against the City of Stockton and Stockton Police Department, and the false arrest claims against the individual defendants. It found that neither municipal entity was a "person" subject to suit under § 1983 and dismissed the false arrest claim as barred under *Heck*. After discovery, the district court granted summary judgment to the police officers on Duarte's claim for excessive force, finding it was also *Heck*-barred.

This timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012).

## II.     DISCUSSION

## A. Standard of Review

"We review de novo a district court's grant or denial of summary judgment. We also review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 777 (9th Cir. 2014) (en banc) (internal citations omitted).

## B. Excessive Force and False Arrest Claims

We have never considered whether the *Heck* bar applies when criminal charges were dismissed after entry of a plea that was held in abeyance pending the defendant's compliance with certain conditions. We hold that *Heck* does not apply in this situation.

### 1.        The *Heck* Doctrine

The Supreme Court framed its *Heck* decision as standing "at the intersection" of 42 U.S.C. § 1983 and 28 U.S.C. § 2254. *See Heck*, 512 U.S. at 480–81. Section 1983 provides a cause of action against state actors who commit constitutional violations, while § 2254 authorizes habeas corpus relief from unconstitutional state detention. *Id.* A habeas petitioner must first exhaust state remedies, while a § 1983 plaintiff need not. *Id.* A tension thus arises between the two laws "when establishing the basis for [a § 1983] damages claim necessarily demonstrates the invalidity of [a] conviction." *Id.* at 481–82.

Resolving that tension, *Heck* held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that

> relationship to a conviction or sentence that
> has *not* been so invalidated is not cognizable
> under § 1983.

*Id.* at 486–87 (footnote omitted); *see also Jackson v. Barnes*, 749 F.3d 755, 759–60 (9th Cir. 2014) (quoting *Heck*, 512 U.S. at 486–87).[2]

But "[i]f the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Heck*, 512 U.S. at 487 (footnotes omitted). In other words, "the *Heck* rule . . . is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (quoting *Heck*, 512 U.S. at 486–87); *accord Roberts v. City of Fairbanks*, 947 F.3d 1191, 1198 (9th Cir. 2020).

### 2. *Heck* does not apply because Duarte was never convicted.

Duarte argues that *Heck* does not apply because the criminal charges against him were dismissed without entry of a conviction. Appellees argue *Heck* should nevertheless apply because by pleading no contest and completing the conditions of his agreement with the prosecution, Duarte

---

[2] The holding was confined to claims for money damages. The Court had previously held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)).

was functionally convicted and sentenced.

The *Heck* bar, however, requires an actual judgment of conviction, not its functional equivalent. *Wallace*, 549 U.S. at 393; *Roberts*, 947 F.3d at 1198 ("The absence of a criminal judgment [] renders the *Heck* bar inapplicable; the plain language of the decision requires the existence of a conviction in order for a § 1983 suit to be barred." (citing *Heck*, 512 U.S. at 487)); *Martin v. City of Boise*, 920 F.3d 584, 613 (9th Cir. 2019) ("Where there is no 'conviction or sentence' that may be undermined by a grant of relief to the plaintiffs, the *Heck* doctrine has no application.").

*Heck* speaks of challenges that would impugn "a conviction *or* sentence," *see Heck*, 512 U.S. at 486–87 (emphasis added), and Appellees argue that Duarte was effectively sentenced to completing the terms of his plea agreement. But a conviction is a prerequisite to a sentence. *See Sentence*, *Black's Law Dictionary* (11th ed. 2019) ("The judgment that a court formally pronounces after finding a criminal defendant guilty; the punishment imposed on a criminal wrongdoer . . . . Also termed *judgment of conviction*."). Because Duarte was never convicted, he was also never sentenced. *See Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (holding the plaintiff's claims were not *Heck* barred because he "was never convicted of—and therefore, *a fortiori*, never sentenced on—the charges against him."); *see also Blazak v. Ricketts*, 971 F.2d 1408, 1413 (9th Cir. 1992) (noting, in the habeas context, "There can be no sentence without a conviction.").

According to *Black's Law Dictionary*, the primary definition of "conviction" is, "The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." *Conviction*, *Black's Law*

*Dictionary* (11th ed. 2019). A secondary definition is, "The judgment (as by a jury verdict) that a person is guilty of a crime." *Id.* Applying these definitions to the case at hand yields a straightforward result: Duarte was not convicted because he was never found or proved guilty. *See id.*

To be sure, Duarte pleaded "no contest" or "nolo contendere" to the resisting arrest charge. And, under California law, a court ordinarily "shall find the defendant guilty" upon entry of such a plea, which is "considered the same as a plea of guilty." Cal. Penal Code § 1016(3). But this only serves to underscore that a plea itself is not a conviction. A plea is entered by the criminal defendant, but a conviction does not follow without a subsequent order from the court. *See id.* Indeed, California law provides for several pretrial diversion programs, with terms akin to those in the agreement entered by Duarte, in which this distinction is highlighted. *See, e.g.*, *id.* § 1000.10(a) ("A defendant's plea of guilty shall not constitute a conviction for any purpose unless a judgment of guilty is entered . . . .").

Although Duarte entered the equivalent of a guilty plea, the state court never entered an order finding him guilty of the charge to which he pleaded. Instead, the court ordered that its acceptance of Duarte's plea would be "held in abeyance," pending his completion of ten hours of community service and obedience of all laws. *Black's Law Dictionary* defines "abeyance" as, "Temporary inactivity; suspension." *Abeyance*, *Black's Law Dictionary* (11th ed. 2019). Suspension of the plea is not a finding of guilt or a conviction.

After the six months of abeyance elapsed, the charges against Duarte were "dismissed" in the "interest of justice" on the prosecutor's motion. A "dismissal" is the

"[t]ermination of an action, claim, or charge without further hearing, esp. before trial; esp. a judge's decision to stop a court case through the entry of an order or judgment that imposes no civil or criminal liability on the defendant with respect to that case." *Dismissal*, *Black's Law Dictionary* (11th ed. 2019). Dismissal, which imposes no criminal liability, is thus the opposite of a conviction, which imposes such liability. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1095 (10th Cir. 2009); *see also People v. Hernandez*, 994 P.2d 354, 359, 361 (Cal. 2000) (noting that "furtherance of justice" dismissals "cut[] off an action or a part of an action *against* the defendant"). Because the charges against Duarte were dismissed, he was never convicted. And because there is no conviction that Duarte's § 1983 claims would impugn, *Heck* is inapplicable.

Our conclusion is consistent with the majority of circuits to consider *Heck* in the context of pretrial diversion agreements. The Sixth, Eighth, Tenth, and Eleventh Circuits have all held that where the conditions of the agreement are satisfied and the criminal charges are dismissed without entry of conviction, *Heck* does not bar subsequent civil rights claims. *See Mitchell*, 28 F.4th at 895–96; *Vasquez Arroyo*, 589 F.3d at 1093–96; *S.E. v. Grant Cnty. Bd. of Educ.*, 544 F.3d 633, 637–39 (6th Cir. 2008); *McClish v. Nugent*, 483 F.3d 1231, 1250–52 (11th Cir. 2007).

The district court relied on a contrary decision by the Third Circuit, which held that the plaintiff's civil rights claims were *Heck*-barred even though he had never been formally convicted in the state criminal proceedings. *See Gilles v. Davis*, 427 F.3d 197, 208–12 (3d Cir. 2005). But for the reasons explained above, we find *Gilles* unpersuasive. Moreover, *Gilles* predated *Wallace*, in which the Supreme Court explicitly rejected an argument that

*Gilles* appears to embrace—that § 1983 claims inconsistent with ongoing criminal charges, not just outstanding criminal judgments, could be barred by *Heck*. *See Mitchell*, 28 F.4th at 896. *Compare Wallace*, 549 U.S. at 393–94, *with Gilles*, 427 F.3d at 209.

We recognize the Fifth Circuit has also held "a deferred adjudication order is a conviction for the purposes of *Heck's* favorable termination rule" because it is "a judicial finding that the evidence substantiates the defendant's guilt" and "a final judicial act." *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655–56 (5th Cir. 2007). As explained above, we do not adopt that logic. The final judicial act is either the dismissal of the charges or the imposition of a sentence. Moreover, unlike Duarte, the *DeLeon* plaintiff remained under the conditions of his deferred adjudication agreement and the criminal charges against him had not yet been dismissed. *Id.* at 653. Indeed, the Fifth Circuit explicitly declined to decide how it would apply *Heck* for a plaintiff who, like Duarte, did satisfy the terms of his agreement. *Id.* at 657 ("We do not decide whether DeLeon can meet the *Heck* conditions . . . by successfully completing his deferred adjudication.").

In sum, *Heck*'s "core" concern is for preventing the circumvention of habeas exhaustion requirements through § 1983. *Martin*, 920 F.3d at 615 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). More broadly, *Heck* seeks to promote finality and consistency by "refrain[ing] from multiplying avenues for collateral attack on criminal judgments." *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (collecting cases).

Thus, the *sine qua non* of *Heck* is a judgment of conviction and a resultant sentence. *See Wallace*, 549 U.S.

at 392–93 (citing *Heck*, 512 U.S. at 486–87).  Challenges that cast doubt on such judgments are the province of direct appeals or habeas—not § 1983.  But where, as here, the criminal charges were dismissed and there is no conviction to impugn, the tension with which *Heck* was principally concerned is missing.  Also absent are any concerns about finality, consistency, or comity, when there is no order in the state criminal case with which a decision in the federal civil lawsuit could be inconsistent.  Because Duarte was never convicted of a crime, his claims should not have been dismissed under *Heck*.

## C.  Municipal Liability

The district court also erred in dismissing Duarte's claims against the City of Stockton and Stockton Police Department.  The Supreme Court first held that municipal entities, like cities, were "persons" amenable to suit under § 1983 in its seminal decision, *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978).  *Monell*'s core holding—that claims for municipal liability are cognizable under the Civil Rights Act—has been affirmed many times over by this Court and the Supreme Court.  *See, e.g.*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("It is beyond dispute that a local governmental unit or municipality can be sued as a 'person' under section 1983." (citing *Monell*, 436 U.S. at 690)).

As to the Stockton Police Department, we held over thirty years ago that municipal police departments in California "can be sued in federal court for alleged civil rights violations."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 n.2 (9th Cir. 1988) (citations omitted).  More recently, we reaffirmed this holding and extended it to

California's county sheriffs' departments. *Streit v. County of Los Angeles*, 236 F.3d 552, 565–66 (9th Cir. 2001). We have never overruled *Karim-Panahi*.

The district court reasoned that *Karim-Panahi* could not be reconciled with a concurring opinion in *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005). There, without citing *Karim-Panahi* or *Streit*, a judge commented that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *Kama*, 394 F.3d at 1239–40 (Ferguson, J., concurring).

But "concurring opinions have no binding precedential value." *Pub. Watchdogs v. S. Cal. Edison Co.*, 984 F.3d 744, 757 n.7 (9th Cir. 2020) (citing *Maryland v. Wilson*, 519 U.S. 408, 412–13 (1997)). And "as a general rule, one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel." *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003) (quoting *United States v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992)). Therefore, when a subsequent panel makes a "suggestion" that "is inconsistent with earlier opinions of this court," such suggestions are to be disregarded in favor of the earlier, binding holding. *See, e.g.*, *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000).

Neither a lone concurring judge nor the full *Kama* panel could overrule *Karim-Pahani*. *See Koerner*, 328 F.3d at 1050. Nor can we. *See id.* The district judge's determination that the City of Stockton and Stockton Police

Department are not persons within the meaning of § 1983 is reversed.**[3]**

### III.    CONCLUSION

We reverse the district court's dismissal of Duarte's false arrest and municipal liability claims.  We also reverse the summary judgment in favor of the individual Appellees on Duarte's excessive force claim.  We remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[3] We decline to reach Appellees' other arguments for dismissal of the municipal liability claims, which were raised for the first time on appeal. *See Henry A. v. Willden*, 678 F.3d 991, 999 n.5 (9th Cir. 2012) (citing *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 974 (9th Cir. 2010)).