NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE PASCAL, individually and on behalf of all others similarly situated, | No. 22-15033 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-02559-JCS |
| v. | MEMORANDUM[*] |
| CONCENTRA, INC., a Delaware corporation, | |
| Defendant-Appellee, | |
| and | |
| JASON ARMS, DBA I Buy 901 Homes, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted April 11, 2023[**]
San Francisco, California

Before: PAEZ, CLIFTON, and H.A. THOMAS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lawrence Pascal appeals the district court's grant of summary judgment to Concentra, Inc. in a putative class action lawsuit brought under the Telephone Consumer Protection Act (TCPA). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Duarte v. City of Stockton*, 60 F.4th 566, 570 (9th Cir. 2023). We affirm.

Pascal's argument that Concentra violated the TCPA when it messaged him using Textedly, an online text-messaging service, is foreclosed by our decision in *Borden v. eFinancial, LLC*, 53 F.4th 1230 (9th Cir. 2022). In *Borden*, we held that a system constitutes an autodialer regulated by the TCPA only if it "generate[s] random or sequential *telephone* numbers." *Id.* at 1231; *see also Brickman v. United States*, 56 F.4th 688, 690 (9th Cir. 2022). Because Textedly did not store or produce randomly or sequentially generated telephone numbers, Concentra's text message was not sent to Pascal via use of an autodialer in violation of the TCPA.

**AFFIRMED.**