NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTORIA BRIGHT, an individual, | No. 24-5463 |
| Plaintiff - Appellant, | D.C. No.<br>3:23-cv-00320-MO |
| v. | |
| STATE OF OREGON; OREGON DEPARTMENT OF ADMINISTRATIVE SERVICES; BERRI LESLIE, in her official capacity as Director of the Oregon Department of Administrative Services, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted November 19, 2025[**]
Seattle, Washington

Before: McKEOWN, W. FLETCHER, and DESAI, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Victoria Bright ("Bright") brings First and Fourteenth Amendment claims based on a payroll processing error that caused the Oregon Department of Administrative Services ("DAS") to deduct union dues from her wages without authorization. She sues the State of Oregon ("Oregon"), DAS, and Berri Leslie ("Leslie") in her official capacity as DAS director (collectively, "State Defendants"). The district court granted summary judgment to the State Defendants. Bright challenges the district court's determinations that her claim for relief from future deductions is moot and that any remaining claims fail on the merits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Duarte v. City of Stockton*, 60 F.4th 566, 570 (9th Cir. 2023), and we affirm.

The Eleventh Amendment bars Bright's claims against Oregon and DAS. That provision renders nonconsenting states, like Oregon, and state agencies, like DAS, immune from suit. *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1025–26 (9th Cir. 2023) (en banc). It applies regardless of "the relief sought," meaning Bright cannot sue Oregon or DAS for either damages or injunctive relief. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58, 54 (1996) (noting the Eleventh Amendment applies to "any suit in law or equity") (quoting U.S. Const. amend. XI).

The *Ex parte Young* exception to Eleventh Amendment immunity permits Bright to seek prospective relief against Leslie. *See* 209 U.S. 123, 159–60 (1908);

*R. W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1220 (9th Cir. 2023). But the district court correctly determined that Bright's claim for prospective relief from future wage deductions is moot. A case becomes moot—and thus lacks "a Case or Controversy for purposes of Article III—when the issues presented are no longer live." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)) (internal quotation marks omitted). That includes circumstances when a defendant shows "that it is absolutely clear the allegedly wrongful behavior c[annot] reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

Here, Oregon carried its burden of demonstrating that future wage deductions will not recur. By law, Oregon may only deduct union dues from public employees who provide written authorization. Or. Rev. Stat. Ann. § 243.806(1). A problem occurred because Oregon's payroll software failed to process Bright's removal from a list of employees who had provided authorization. The undisputed evidence reveals, however, that Oregon resolved that error and has taken measures to prevent similar errors from happening again. And Bright offers no evidence that Oregon will not implement the law "in good faith." *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010). Bright's claim for relief from future deductions is moot.

24-5463

Bright's remaining claim against Leslie for nominal damages fails because it is "retrospective," not "prospective." *See Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002) (noting retrospective relief is "impermissible" under *Ex parte Young*). Bright expressly seeks nominal damages to redress a completed violation of her constitutional rights. In that context, "one dollar in nominal damages" is functionally equivalent to "one dollar in compensation," *Uzuegbunam v. Preczewski*, 592 U.S. 279, 292 (2021)—meaning Bright's nominal damages claim is, "in essence," a claim for retrospective relief to which the Eleventh Amendment applies. *See Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021); *see also Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021) (noting that, absent waiver, "state sovereign immunity" would bar a claim for "nominal damages" that was retrospective in nature).

**AFFIRMED.**